## BECK vs. COLE, and others.

An affidavit that an attachment has been issued in an action against the property of the defendant, and that deponent verily believes that parties therein named, have property, credits or effects in their hands belonging to such defendant or or are indebted to him, is a sufficient foundation for a garnishee proceeding.

If the plaintiff in the attachment is dissatisfied with the answer of the garnishee, he has a right to have the issue between him and the garnishee tried by a jury.

Where improper evidence is admitted on trial, against the objection of a party, and the court in its charge to the jury directs them to disregard it, the error in admitting it is thereby cured, where it appears that the party making such objection could not have been injured by its admission.

F. left with C. S. & Co. a letter of credit for $900 for collection, who paid him $500, thereon and gave him a receipt or contract stating the transaction and by which they promised to pay the balance when collected, to F. or order; F. transferred the order to R. to pay certain debts to other parties, and to apply the balance in payment of an indebtedness of F. to him; afterward C. S. & Co. collected the letter of credit, and were garnisheed at the suit of a creditor of F. *Held.* 1. That if the receipt was transferred by F. to R. before the garnishee process was served on C. S. & Co., in good faith and with the design of transferring to R. F.'s entire interest therein, that the creditor could not recover against the

garnishees. 2. If the receipt was transferred to R. as security and F. did not intend to part with his entire interest therein, but was to have the balance remaining after paying such indebtedness, then the garnishees would be chargeable to the amount of the balance coming to F. and it should be applied to the payment of his debts. 3. If there was no consideration for the transfer of the receipt, then such transfer was in law a fraud upon F.'s creditors and void as against them. 4. The fund specified in such receipt was not in any sense of the word "trust money," nor was *mere rumor* of the transfer of the receipt coming to the knowledge of C. S. & Co. before service of the garnishee process, sufficient notice to them of such transfer or assignment.

On the trial of an issue made between an attaching creditor, and one summoned as garnishee of the debtor, the answer of the garnishee on his examination, as such, is to be considered by the jury as much as any pleading in the case.

APPEAL from the County Court for *La Crosse* County.

The plaintiff commenced his action in the county court to recover against *French* a money demand and during its pendency, sued out an attachment against the property of the defendant therein and summoned the appellants, *Cole, Sumner and Butler* (who were partners under the name of Cole, Sumner & Co), as garnishees of the defendant *French*. The affidavit upon which the garnishee proceeding was founded was made by the plaintiff and entitled in the original action, and stated that an attachment had been issued therein against the property of *French*, and further, " that the plaintiff verily believes that *Ira Cole, John A. Sumner* and *Eli Butler*, co-partners doing business at La Crosse, Wisconsin, have property credits or effects in their hands or possession belonging to said defendant *Joseph French*, or are indebted to said *Joeeph French*." A a notice to the appellants was issued thereon and served, and one of the appellants, *Ira Cole*, appeared and made answer in substance; that when the notice in the garnishee proceeding was served, *Cole, Sumner & Co.* had nothing on their books to the credit of *French*; that he had a letter of credit for about $900, which he had left with them for collection and upon which they had paid him $500 before said notice was served; that they had forwarded this letter of credit for collection and had received advices the morning before the service of the notice on them, that it had been collected by their agents and

placed to their credit; that when they took the letter of credit for collection they gave *French* a receipt as follows: " Rec'd, La Crosse, Nov. 21st, 1859, of Mr. Joseph French, a letter of credit from the Union Bank of London, to Messrs. Duncan, Sherman & Co., New York, dated 28th Oct., 1859, for one hundred eighty-five pounds fourteen shillings and five pence sterling, on which we have paid him two hundred ($200) dollars in gold and three hundred ($300) in currency, the balance to be paid to his order when collected ; " that said receipt had since been indorsed in blank by said *French*, and that at the time the garnishee notice was served, no one had presented said receipt to them, and that it was the only paper they had given *French* in relation to the letter of credit. The amount collected on the letter of credit was about $900. At the time the receipt was given, *French* said the money was going to Bradbury and other parties, that he was not to have any more of it, and they could wait until it was collected, but did not state the amount due them, and that they had no notice of the transfer of the receipt until after the service of the garnishee notice, when one *Rogers* claimed to be the owner of it. That said *Cole, Sumner & Butler* had no property, credits or effects of *French's* in their hands or possession, and did not owe him, except what they owed on the receipt. The plaintiff gave notice that he was not satisfied with the answer, and requested that the issue in the garnishee proceeding should stand for trial, at the next term after he should obtain judgment in the action against the defendant *French*, according to the provisions of the statute in such case, which was ordered accordingly. The issue in the garnishee proceeding came on to be tried before the court and a jury, when it was proved that the plaintiff had recovered judgment in the action against the defendant *French* for the sum of $489.82. The plaintiff, further to prove the issue on his part, called Leander Laird as a witness, who testified that about the 10th day of December, 1859, he conversed with the defendant *French.* The plaintiff's coun-

sel then asked the witness the following question: What conversation, if any, did you have with said *French* at the time you mention, as to his having money in the bank at La Crosse? This question was objected to by the defendants, and the court permitted the question to be answered, but held under advisement the question of the admissibility of the testimony until the jury should be instructed, to which ruling of the court the garnishees excepted. The witness answered, that *French* was owing him some money, and he asked him for it, and he said he could not pay him as they had garnisheed his money in the bank, and he could not get it. Other similar declarations of *French* were, under objection, allowed to be proved before the jury, in the same manner. But it appeared that all these declarations were made after he had transferred said receipt to *Rogers*. *Ira Cole*, one of the garnishees, was then called by the plaintiff, and testified in substance the same as on his examination before the county judge; and further said, that *Cole, Sumner & Co.*, were private bankers at La Crosse, that neither of his partners were present when the letter of credit was received, nor when the garnishee notice was served, and that at the time of the service of said notice, and at the time of the trial there was in the hands of *Cole, Sumner & Co.*, $404.67 of the money collected on the letter of credit, and that the balance thereof was paid to *French*, when he left it with them for collection.

The garnishee defendants, on their part, called *Robert Rogers* as a witness, and he testified that on the 21st day of November, 1859, *French* endorsed and delivered the receipt from *Cole, Sumner & Co.*, to him; the consideration for its transfer was money, accounts, bill of groceries, and other things, and the witness presented the notes and accounts which were offered in evidence, and evidence was given to show that he was to get the money under an arrangement with *French* to pay two small debts that *French* owed to one Bradbury and Pfiffner, and that he was to apply the balance to the payment of the

amount due to him from *French*, which appeared from the evidence to be about $275, and that the receipt was so turned out to him on the same day that it was given. The charge of the court to the jury, and the instructions refused, are sufficiently stated in the opinion of the court, except as to the fifth instruction that counsel on behalf of the garnishees asked to be given to the jury, which was, " that the fund specified in said paper writing, is a trust fund in the hands of defendants; and giving notice by *Rogers* to *Cole, Sumner & Co.*, on 30th of November, 1859, was taking possession thereof, as far as it was possible to go in taking such possession, provided the evidence in this case shows the endorsement and delivery to *Rogers* to have been prior to the service of the attachment and notice of garnishee and answer by the garnishees, because the assignment carries the fund or debt, and that mere rumor of transfer of said paper, coming to the knowledge of the garnishees at said time, is a sufficient notice to the garnishees. The court refused to give such instruction, and the garnishee defendants excepted, The jury found that *French* was indebted to *Rogers* in the sum of $276.51, and the plaintiff was entitled to recover against the garnishee defendants the sum of $128.55, for which sum and costs judgment was given against them, and in favor of the plaintiff. The garnishees appealed.

*E. Fox Cook*, for appellants :

The court below erred in refusing to charge as asked by the defendants in the second, fourth and fifth requests. *Mowry v. Crocker*, 6 Wis., 336 ; 3 Johns., 425 ; 16 Johns., 54 ; 19 Johns., 95 ; 1 Mass., 508 ; 3 Mass., 558. The receipt given by defendants was not liable to garnishee process. 7 Mass., 488 ; 9 Mass., 537 ; 4 Pick., 57 ; 5 Pick., 28 ; 8 Pick., 298 ; 11 Pick., 101.

*Cameron & Losey*, for respondent :

The instrument in writing set forth in the answer of the garnishees, was a mere collection receipt or contract, and was

liable to be garnisheed.  *Button v. Freeman*, 9 Vt., 287; *Pilman v. Hart*, 1 Pa. St., 213; *Mason v. Noonan*, 7 Wis., 609.

*By the Court*, COLE, J.  We cannot perceive any valid objection to the affidavit for the garnishee proceeding.  It appears to be full in its allegations or statements, and complies with the statute upon that subject.  Neither do we think there was any error in the court directing the issue upon the answer of the garnishee to stand for trial.  The statute secures to the plaintiff in attachment, a trial of the issues between him and the garnishee where he is dissatisfied with the answer.  It was the right of the respondent to have these issues tried and disposed of in the manner they were in this case.

The court directed the jury to disregard all the testimony which related to the declarations of *French* in regard to the money due on the receipt of the appellants.  We understand that it is admitted on both sides, that this direction was proper, inasmuch as these declarations were made after the assignment of the receipt.  We think this fully cured the error of admitting that testimony in the first instance.  We are satisfied from the finding of the jury, that the appellants could not have been injured by its admission.

An exception is taken to the general charge of the court, which charge appears to be a correct statement of the law applicable to the issues made.  The court instructed the jury, that if they should find from the evidence that the receipt was transferred by *French* to *Rogers* before the garnishee process was served on the defendants, then they were to inquire whether such transfer was *bona fide* designed to transfer to the latter French's entire interest in that receipt; and if so, their verdict must be for the garnishees.  On the contrary, if they found that the receipt was merely transferred to *Rogers* to secure an indebtedness due him from French, and that the latter did not intend to part with his entire interest in the claim, but was to have the balance of of the money, after payment

of such indebtedness to *Rogers*, then they were to determine the amount in which *French* was indebted to *Rogers* at the time of the transfer, which amount would belong to *Rogers* out of the money covered by the receipt, and the balance should be applied to the payment of *French's* debts. The proper instructions were given as to the right of *Rogers* to hold the claim to secure himself against any liability he had incurred to Bradbury and Pfiffner. There is certainly nothing in any of these instructions of which the appellants can complain. It is, in brief, telling the jury that if they found from the evidence that there were any moneys in their hands belonging to and due *French*, this sum, whatever it might be, was available for the payment of *French's* debts. This appears to us to be an exceedingly plain proposition of law.

Again, it is insisted that the court erred in refusing to give the second, fourth and fifth special instructions asked on the part of the appellants.

The second instruction is very obscure, and it is difficult to determine what proposition of law is embraced in it. The more obvious import of the instruction would seem to be, that for the purpose of determining the point whether the garnishees had any property or credits in their hands belonging to *French* at the time of the service of the garnishee process, the jury could only regard the affidavit of the plaintiff in such garnishee suit, without regarding the answer of the garnishee. This would be erroneous, because the answer of the garnishees might satisfy the jury that they had property in their possession at the time belonging to *French*, and we can see no objection whatever to the jury considering the answer, as they would any pleading in the case, in passing upon the issue before them. This appears to be the most natural meaning of the instruction, and in this view we deem it erroneous.

By the fourth instruction, the court was requested to charge the jury that a consideration for the assignment of the receipt by *French* to *Rogers* was not essential or material; that if it

was a mere gift to *Rogers*, he could claim the money due upon it free and clear from *French's* creditors. If there is anything settled in law, it is the proposition that a debtor cannot give away his property to the injury of his creditors. He is required to be just before he is generous. If *Rogers* paid no consideration whatever for the receipt, then its transfer or assignment to him by *French* was in law a fraud upon *French's* creditors. Of this there can be no doubt.

The fifth instruction asked to be given is equally erroneous. The fund specified in the receipt, cannot in any sense of the word, be called " trust money." It was no more trust money than any other in the hands of the garnishees, belonging to *French*. Neither do we think mere rumor of the transfer of this receipt, coming to the knowledge of the garnishees before service of garnishee process, would be sufficient notice to them of such transfer or assignment. The only question was, had the garnishees, at the time of the service of the garnishee process, any property in their hands belonging to *French*? And this was the very matter the jury were called upon determine by their verdict.

We cannot see but that the whole subject in controversy was fully and fairly submitted to the jury ; and therefore their verdict is conclusive upon the various questions of fact involved in the case. We believe these remarks dispose of all the matters necessary to be noticed.

The judgment of the county court is affirmed.