LARGE *v.* THE KEEN'S CREEK DRAINING COMPANY.

DRAINING ASSOCIATION.—*Assessments.*—*Pleading.*—In an action by a draining association to enforce payment of an assessment, the complaint need not state in terms the use for which the money is required, if it is evident from the whole complaint that it is for the construction of the drain referred to in the directors' order of payment set out in the complaint.

SAME.—*Affidavit of Appraisers.*—An affidavit that "the foregoing appraise-

ment is correct to the best of our judgment," is sufficient under section 12,
1 G. & H. 304, requiring an affidavit that "the same is in all respects a true
assessment to the best of their judgment and belief."

SAME.—*Description of the Drain.*—The complaint against a person not a mem-
ber of the association must describe the commencement, course, and termi-
nus of the drain.

SAME.—*Right of Way.*—The fact that the right of way has not been procured
will not bar the suit.

APPEAL from the White Common Pleas.

ELLIOTT, J.—Suit by the Keen's Creek Draining Com-
pany against Large, to enforce the payment of an assess-
ment of benefits to certain lands. The company recovered,
and Large appeals. The complaint was demurred to, be-
cause it did not state facts sufficient to constitute a cause
of action. The demurrer was overruled. This ruling is
assigned for error. One objection urged to the complaint
is, that it contains no allegation that it had become necess-
ary that the association should order the payment of any
portion of the assessment made by the appraisers. The
company was organized for the construction of three sev-
eral ditches, or drains, and the complaint shows that the
board of directors ordered the payment of "thirty per
cent. of the assessed value of benefits to the lands affected
by the middle and north ditches." The complaint does not
in terms state the use for which the money was required,
but we think it evident from the whole complaint that it
was required for the construction of the drains referred to
in the order.

. It is also objected to the complaint that the assessment
returned by the appraisers, which is made a part of the
complaint, was not verified as the statute requires. By the
affidavit appended to the appraisement, or assessment, the
appraisers swear that "the foregoing appraisement is cor-
rect to the best of our judgment." The affidavit required
by the statute is, that "the same is in all respects a true
assessment, to the best of their judgment and belief." 1 G.
& H. 304, sec. 12.

The affidavit made by the appraisers is not precisely in

the language of the statute, but we think it sufficient. It is, in substance, the same.

Another objection is, that the complaint does not show that the proposed drains were ever located or established; nor does it describe their beginnings, courses, or termini. This objection is well taken.

Under the statute, the defendant, not being a member of the corporation, may deny that the proposed drain is of public utility, or of private benefit to him; and to enable him to make a proper issue on the subject, the complaint should at least give the commencement, course, and terminus of the drain. *West* v. *The Bullskin Prairie Ditching Co.* 19 Ind. 458. Here the complaint shows nothing in reference to them, except that they are in White county.

The seventh paragraph of the answer alleges that "the plaintiff appropriated his (defendant's) land for the construction of said ditch, but did not proceed in the manner required by law for the assessment of like damages in case of the construction of railroads, canals, and other similar works." Various provisions of the statute in reference to the appropriation of lands for the way of railroads and other public works, and the assessment of damages therefor, are then set out; and the paragraph concludes by averring that the plaintiff had not complied with any of the provisions of the statute so set out, wherefore it was not authorized to construct the proposed drains. The court, at first, overruled a demurrer to this paragraph; and the plaintiff replied that the drain was constructed through the defendant's land by his leave and license. A demurrer was filed to the reply, and the court, upon a reconsideration of the question, sustained the demurrer to that paragraph of the answer. This ruling is also complained of. Perhaps, as the complaint was defective, the demurrer to the answer should have been overruled, on the principle that a bad answer is sufficient to a bad complaint. But if the complaint had been good, the answer would clearly have been bad. The question of the right of way has no connection with

that of enforcing the assessment. The company had the power to procure the right of way, either by purchase or by having the damages assessed and paying therefor, if, indeed, the question was not settled in the assessment of benefits. In any event, the fact that the right of way had not been procured would not bar the suit to compel the pay-payment of the assessments.

The judgment is reversed, with costs, and the cause remanded, with leave to both parties to amend their pleadings.

*S. A. Huff*, and *D. Langdon*, for appellant.