MILLER vs. MUNSON and another.

ATTACHMENT. (1) *Affidavit insufficient unless perjury can be assigned.*
(2) *Affidavit in this case insufficient.*

1. An *affidavit for an attachment* in the very words of the statute is not sufficient unless perjury can be assigned upon it.
2. Such an affidavit, after stating in due form the amount of the indebtedness, and that it was due on express contract, states further that affiant "has good reason to believe, and does believe that said T. [the attachment defendant] has assigned, disposed of or concealed, or is about to assign, dispose of or conceal, *any* of his property, with intent," etc. *Held*, that perjury could not be assigned upon it, and it was insufficient.

APPEAL from the Circuit Court for *Waushara* County.

The action is in the nature of trover for a quantity of hops which the defendants had caused to be seized by virtue of a writ of attachment which they sued out of the circuit court against the goods and chattels, etc., of one Travis. It is unnecessary to set out the particulars of the plaintiff's claim to the hops, because it is not disputed that if they could not legally be held under the writ of attachment, the plaintiff was entitled to recover the value thereof. The case turned, therefore, upon the validity of the attachment; and the court held it void because of the alleged insufficiency of the affidavit upon which it was issued. Such affidavit, after stating in due form the amount of the indebtedness of Travis to the defendants, and that the same was due upon express contract, proceeds as follows: "And this affiant further states that he has good reason to believe, and does believe, that the said Travis has assigned, disposed of or concealed, or is about to assign, dispose of or conceal, *any* of his property, with intent to defraud his creditors."

The plaintiff had a verdict and judgment for the value of the hops; and the defendants appealed.

*Jenkins, Elliott & Winkler*, for appellants, to the point that the affidavit in attachment was sufficient in following the language of the statute, cited *Klenk v. Schwalm*, 19 Wis., 111, *Oliver v. Town*, 28 Wis., 328; Drake on Attachment (4th ed.), §§ 89, 98, 103, 107. Drake, at § 98, remarks that where the affidavit must state simply the existence of a particular fact as a ground of attachment, "nothing is requisite but conformity to the language of the statute." And at §§ 103 and 107, he states that it is always a safe rule to follow the exact language of the statute. The word "any," as used in the affidavit, is equivalent to "some," and the two terms are to be regarded as synonymous. If, as used in the affidavit, "any" does not mean "some," then it is utterly meaningless. But even if meaningless, and therefore to be rejected, it does not follow that the sentence in meaningless. Without the word the affidavit is sufficient, as it would then read that the defendant had assigned, etc., his property with intent to defraud his creditors. Surplusage in an affidavit, not inconsistent with the substantial averment of the statute, will not vitiate it. Drake, § 105.

*T. C. Ryan, contra,* contended that the use of the word "any" in the affidavit rendered it utterly unmeaning, and that the affiant could not under any circumstances be convicted of perjury upon it, citing *Lathrop v. Snyder*, 16 Wis., 293, and *Bowen v. Slocum*, 17 id., 181.

LYON, J. The only question necessary to be determined on this appeal, is, whether the affidavit for the writ of attachment is sufficient to support the writ. If it is sufficient, the judgment should be reversed; if not, the judgment should be affirmed.

The affidavit is in the language of the statute. This is sometimes sufficient, but not so in all cases. We must look for some other test by which to determine its sufficiency. The proceeding by attachment is very summary and violent. The purpose of the law which requires that a certain affidavit be

made before the writ can issue, is to protect the alleged debtor from so severe a process, unless the creditor, or some person in his behalf, under the responsibilities of an oath, shall assert the existence of certain facts which the law adjudges good grounds' for issuing the writ. This requirement of the law would afford the debtor no protection whatever, unless the affiant is liable to be punished criminally if he willfully swears falsely in such affidavit. Hence, although the affidavit be in the very words of the statute, it is not sufficient, unless perjury can be assigned upon it. Here, then, we find the true test of the sufficiency of an affidavit which employs the language of the statute.

In *Spring v. Robinson*, 2 Pinney, 97 (1 Chand., 29), Chief Justice Stow is reported to have laid down the same rule. See note of Mr. Pinney, p. 99, and cases cited. In *Lathrop v. Snyder*, 16 Wis., 293, and in *Oliver v. Town*, 28 id., 328, the above test was applied ; and the affidavit in the former case was held insufficient, and that in the latter case was held sufficient. In *Lathrop v. Snyder*, the affidavit stated the indebtedness at a specified sum, " as near as this deponent can now estimate the same; " and it was said by the chief justice that there might be no indebtedness and yet the affiant be innocent of perjury ; in other words, that perjury could not be assigned on the affidavit under any circumstances. In *Oliver v. Town*, the qualifying words, " as near as may be," accompanied the statement of the amount of the indebtedness, being the words used in the statute in that connection. It was held that the use of these words did not leave it doubtful whether anything was actually due the plaintiff, neither did it leave the amount of such indebtedness in doubt. Although not so stated in the opinion in that case, yet it necessarily follows from the effect given to such qualifying words, that perjury may be assigned upon such an affidavit.

It only remains to apply the above test to the affidavit under consideration. Can perjury be assigned upon this

affidavit? If it can be proved that the affiant had no reason to believe, and did not believe, when he made the affidavit, that Travis had made or was about to make the fraudulent disposition of his property therein mentioned, can the affiant be lawfully indicted, convicted and sent to the state prison for perjury committed in swearing to the facts stated in such affidavit? We think not. After carefully considering the very ingenious argument of the learned counsel for the defendants in support of the position that the word " *any*," as used in the affidavit, is synonymous with " *some*," we are impelled to the conclusion, that in a prosecution for perjury, the court would not be justified in adopting the construction contended for, but would be compelled to hold that a charge of perjury based upon the portion of the affidavit under consideration could not be sustained.

It follows from these views that the judgment must be affirmed.

*By the Court.* — Judgment affirmed.