GEORGE W. FRY v. DANIEL E. SOPER.

*Trover for attached goods, by assignee of execution debtor.*

Where trover is brought for the value of goods seized, and the general issue is pleaded without notice that the seizure would be justified by virtue of judicial proceedings, the defendant cannot introduce evidence to show that he seized them under a writ of attachment.

Where an assignee brings trover for the value of goods seized by anybody but an attaching or judgment creditor, the defendant cannot question the validity of the assignment.

Error to Newaygo. Submitted October 30. Decided November 21.

TROVER. Defendant brings error.

*Gray & Luton* for plaintiff in error. Plea of the general issue in trover puts in issue the right to the possession of the property at the time of the conversion, *Isaac v. Belcher*, 7 Dowl. Prac. Cas., 516; *Fyson v. Chambers*, 9 M. & W., 463; *Young v. Cooper*, 6 Exch., 259; *Mayhew v. Herrick*, 7 C. B., 229.

*A. G. Day* for defendant in error. Evidence that goods were seized under a writ cannot be given without notice, under the plea of the general issue in trover. *Comstock v. Hollon*, 2 Mich., 355; *Miller v. Finley*, 26 Mich., 249.

MARSTON, J. This was an action of trover brought by Soper as assignee of Carter & Minkler, to recover the value of a stock of goods taken from him by the defendant.

On the trial Fry claimed to have taken the goods as deputy sheriff by virtue of a writ of attachment issued out of the circuit court at the suit of John P. Woods against Carter and Minkler as defendants, and farther claimed that the assignment to Soper was fraudulent

and void as against the creditors of the assignees, for matters apparent upon the face thereof, and also because of other matters as shown by the testimony on the trial.

The defendant on the trial was in no shape to attack or question the validity of the assignment. It was a matter in which strangers were in no way concerned. Attaching or judgment creditors could question the validity of the assignment, but none others. The plea was the general issue, and there was no notice attached thereto or in connection therewith referring to or justifying the seizure as having been made by virtue of any judicial proceedings. The evidence offered of the proceedings by attachment was clearly inadmissible, and should have been rejected upon the objection made by plaintiff's counsel to their admission. This case must therefore be considered as though no such evidence had been introduced. *Rosenbury v. Angell,* 6 Mich., 508.

The judgment must therefore be affirmed with costs.

The other Justices concurred.