WILLIAM McLAUGHLIN v. DENNIS SMITH ET AL.

*Trover for mortgaged chattels levied upon—Notice of defense.*

The assignee of mortgaged chattels holding subject to the mortgage is not prejudiced by a levy on the mortgager's interest.

Where an assignee of mortgaged chattels holds them subject to the mortgage, and they are taken on an execution levied on the mortgager's interest, it is not necessary, in pleading the general issue to an action of trover brought in justice's court by said assignee, to give him notice that the taking will be justified under judicial proceedings.

Error to Muskegon. Submitted June 17. Decided Jan. 19.

TROVER. Defendant brings error. Reversed.

*Smith, Nims, Hoyt & Erwin* for plaintiff in error. The plea of the general issue, in Michigan, is a complete denial of the plaintiff's cause of action and calls on him to prove it: *Ingalls v. Eaton* 25 Mich. 32; *Wilson v. Wagar* 26 Mich. 452; under it a freehold or possessory right may be shown: *Rawson v. Finlay* 27 Mich. 268; in trover it puts in issue the legality of the conversion and not the mere fact thereof: *Young v. Cooper* 6 Exch. 259; the plea in trover is not guilty, and it is unusual to plead anything else except the statute of limitations and a release: 1 Chit. Pl. 498; 9 Bac. Ab. 673; *Hurst v. Cook* 19 Wend. 463.

*Keating & Allen* for defendant in error. Judgment and execution are not admissible as justification under the plea of the general issue by an officer sued for conversion for

levying upon property: *Osburn v. Lovell* 36 Mich. 250; *Comstock v. Hollon* 2 Mich. 355; *Rosenbury v. Angell* 6 Mich 508; *Cresinger v. Reed* 25 Mich. 450–3.

MARSTON, C. J. March 1st, 1876, John Krebs mortgaged certain goods and chattels to Chester B. Smith, who, April 8th following, assigned the debt and mortgage to Henderson, Smith & Co., defendants in error. March 29, 1876, Krebs sold his interest in the property, subject to the mortgage, to Henry Martins. McLaughlin, as deputy sheriff, by virtue of an execution against Martins, levied upon the property May 15th, 1877. The mortgage to Smith was duly filed, and on the day of the levy, Smith, one of the defendants, made and filed an affidavit showing the amount due on the mortgage. There was evidence introduced tending to show that Martins abandoned or turned the property over to defendants. The time this was done does not clearly appear, and is, in the present aspect of the case, perhaps immaterial. The court excluded the defense because notice thereof was not given with the plea of the general issue. *Fry v. Soper* 39 Mich. 727.

I think there is no injustice in requiring notice of such a defense to be given. It affords to the plaintiff an opportunity to make an examination before trial of the validity of the judgment and proceedings relied upon, and distinctions drawn between cases where such notice must be given and where it need not be, only tend to confusion.

My brethren are of a different opinion, however, and think this case differs from *Fry v. Soper*. In that case the assignment by the attachment debtors to Soper was attacked as fraudulent, while in the present case it is only the interest of the mortgagor that is sought to be reached, and the rights of defendants under the mortgage to Smith assigned to them, are not questioned, and these defendants cannot be prejudiced by the levy and are not entitled to such notice.

The judgment must, therefore, be reversed with costs and a new trial ordered.

The other Justices concurred.