## Russell vs. Ralph, Garnishee.

*October 20 — November 3, 1881.*

AFFIDAVIT FOR GARNISHMENT in justice's court.

1. An affidavit for garnishment in justice's court is not defective because it
   uses the disjunctive form, "is indebted to *or* has property," etc.
2. In such an affidavit, a statement that the garnishee "has property, credits,
   money *and* effects," is a sufficient statement that he has *personal*
   property.
3. Such an affidavit is not bad because it states that the affiant "verily be-
   lieves," instead of the statutory form, "has good reason to believe;"
   the former being the stronger form, and perjury being assignable upon it.

APPEAL from the County Court of *Winnebago* County.
This was a proceeding in garnishment in justice's court,
commenced before judgment against the principal debtor, and
tried after the entry of such judgment. The affidavit for

garnishment, omitting the formal parts and signature, was as follows:

" *R. C. Russell*, being duly sworn, deposes and says: That he is the above named plaintiff, and makes this affidavit in his own behalf; that the above entitled action has been commenced and is now pending, and is an action to recover damages founded upon an express contract; that this affiant verily believes that *A. L. Ralph* is indebted to, or has property, credits, moneys and effects in his possession or under his control belonging to, one of these defendants, L. P. Carey, and that such defendants have not property liable to execution sufficient to satisfy the plaintiff's demand; and that such indebtedness or property are, to the best of the knowledge and belief of this affiant, not by law exempt from seizure or sale upon execution; and demands that *A. L. Ralph* be summoned in writing to appear before Joseph Jackson, a justice of the peace, on the return day of the summons, touching his liability as garnishee."

On appeal from a judgment of the justice in the garnishee's favor, the county court, upon the garnishee's motion, dismissed the action for want of jurisdiction, on the ground that the affidavit was fatally defective. The plaintiff appealed from the judgment.

For the appellant there were briefs by *Crozier & Tyrrell*, as attorneys, with *G. W. Burnell*, of counsel, and oral argument by *Mr. Crozier*.

For the respondent there was a brief by *Jackson & Thompson*, and oral argument by *Mr. Thompson*.

CASSODAY, J. The statutes require that an affidavit of garnishment in a justice's court shall, among other things, state " that the affiant has good reason to believe that some person (naming him) is indebted to the defendant, or has personal property in his possession or under his control, belonging to the defendant — or, when there is more than one defendant,

to any or either of them,— not by law exempt from sale on execution," etc. Section 3716, R. S. Of course, such affidavit must substantially comply with this statutory requirement, or the justice acquires no jurisdiction of the subject matter of the proceeding. *Steen v. Norton*, 45 Wis., 412; *Rasmussen v. McCabe*, 46 Wis., 600. Here the affidavit, among other things, states "that this affiant verily believes that *A. L. Ralph* is indebted to, or has property, credits, moneys and effects in his possession or under his control belonging to, one of these defendants, L. P. Carey, and that such defendants have not property liable to execution sufficient to satisfy the plaintiff's demand; and that such indebtedness or property are, to the best of the knowledge and belief of this affiant, not by law exempt from seizure or sale upon execution," etc.

The reading of the affidavit suggests the form used for garnishment in the circuit court under section 2753, R. S., and was probably intended as a compliance with it. It seems to be conceded, and the authorities indicate, that the affidavit here would have been sufficient to have given a circuit court jurisdiction. *Beck v. Cole*, 16 Wis., 95; *Orton v. Noonan*, 27 Wis., 572. Whether it was sufficient to give the justice's court jurisdiction, is a more difficult question. By retaining the disjunctive " or," contained in the statute, it is insisted that the affidavit fails to state whether *Ralph* was indebted to Carey or had property in his possession belonging to Carey. In attachment proceedings under a similar statute it was held, in *Morrison v. Fake*, 1 Pinney, 133, that such use of the disjunctive " or" was no defect. MILLER, J., giving the opinion of the court, said: " We are not disposed to confine the party to the use of one of the words, ' remove,' ' convey,' or ' dispose,' but he may use one or all, at his pleasure; also the words, ' property,' or ' effects.' " The same was reasserted by DUNN, C. J., in *Merrill v. Low*, 1 Pinney, 224. To the same effect is *Klenk v. Schwalm*, 19 Wis., 111. In *Miller v.*

*Munson*, 34 Wis., 579, the affidavit was in the disjunctive, but it was not held defective on that ground; and in *Everdell v. Railway Co.*, 41 Wis., 395, the disjunctive "or" was used, and the affidavit was held to be sufficient. See also *Mairet v. Marriner*, 34 Wis., 582.

We conclude that an affidavit in a garnishment proceeding is not defective merely because the disjunctive is used with the words, " is indebted to *or* has property," etc.

Again, it is urged that the word " property," as used in the affidavit, might be applied to real estate, in which case the justice would not have jurisdiction to proceed, and that, in the absence of certainty, it must be presumed that it was so intended. But *property* is a generic term of extensive application. It includes real and personal estate, and the right and title to and interest in the same. Subdivisions 3, 4, sec. 4972, R. S. Had the person making the affidavit designed here to apply it to real estate, he would naturally have followed it with terms applicable to real estate, as well as the words, " credits, moneys and effects," which seem to be a mere enumeration of the kind or class of property which he intended to include. It is a universal rule of construction, " that general words in any instrument or statute are strengthened by exceptions and weakened by enumeration." BLACK, C. J., in *Sharpless v. Philadelphia*, 21 Pa. St., 161. But, even if it was intended to apply to real estate, yet, since the affidavit states that " *Ralph* is indebted to, or has property, credits, moneys and effects," it would pretty clearly indicate that he was either indebted to Carey, or had " credits, moneys *and* effects," as well as real estate. The mere presence of the word " property," therefore, should not vitiate the affidavit if it is otherwise sufficient.

Are the words of the statute, " that the affiant has good reason to believe," satisfied by the words of the affidavit, " that this affiant verily believes?" This court has frequently held

that the true'test of the sufficiency of an affidavit which employs the language of the statute is, whether perjury can be assigned upon it. *Miller v. Munson*, 34 Wis., 581; *Mairet v. Marriner*, id., 582, and cases there cited. See also *Gaddis v. Durashy*, 13 N. J. L., 324; *Peers v. Carter*, 4 Litt. (Ky.), 268. The rule being thus established, it remains to be determined whether the words here employed are such that perjury could be assigned if the person making the affidavit knew them to be false at the time. What do the words " verily believe " import? In the *Election Cases*, 65 Pa. St., 20, the act of the assembly required an affidavit that the statements in the petition were " true," but the affidavit stated that they were " true to the best of their knowledge and belief," and it was held sufficient, as the law did not require absolute verity. AGNEW, J., giving the opinion of the court, said: " The intention of the lawgivers must be discovered, not only from the words, but from the object of the law, the special purpose of the oath, the nature of its objects, and the character and jurisdiction of the tribunal." Page 30. To the same effect are *Jackson v. Webster*, 6 Munford, 462; *Large v. Draining Co.*, 30 Ind., 263; *Harris v. Heberton*, 5 How. (Miss.), 575.

Unless perjury could be assigned upon this affidavit, it would seem to be quite certain that it could not be assigned upon any affidavit strictly following the statutory requirement for garnishment in the circuit court. But this court has frequently held affidavits containing such words sufficient. *Beck v. Cole*, 16 Wis., 95; *Oliver v. Town*, 28 Wis., 328. Webster defines " verily " as meaning: " With great confidence; really; truly." " In truth; in fact; certainly." It seems to be synonymous with " verity," which he defines to be, " the quality of being very true or real; consonance of a statement, proposition, or other thing to fact; truth." "Verily believes," therefore includes good reason in fact to believe. If we are correct in this construction, then the words import more than the statutory

requirement; for while a person might have a "good reason to believe," and yet disbelieve, he could not "verily believe," without also having good reason in fact to believe.

*By the Court.*— The judgment of the county court is reversed, and the cause is remanded for further proceedings according to law.