## DAWLEY v. SHERWIN.

1. A deed of assignment, void as to creditors generally, may be good as between the immediate parties; and when property in the hands of an assignee for the benefit of creditors is attached as the property of the assignor, and a suit is instituted by the assignee against the sheriff to recover the value of the attached property, before such officer can

attack the assignment as fraudulent and void he must show that he has taken the property under a valid attachment at the suit of a creditor of the assignor, and that he has pursued the statutory steps in relation thereto subsequent to the seizure of the same.

2. A deed of assignment made for the benefit of creditors, in which the grantor reserves an amount within the statute as exempt to an insolvent debtor, who is the head of a family, is not void upon its face for the sole reason that it neither recites that the grantor is insolvent, nor the head of a family, but such facts may be shown in a proper case by a party in position to question the legality of the transaction.

3. An affidavit for an attachment, which states, in the language of the statute, "that said defendant has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, her property, with the intent to defraud her creditors," states but a single cause for allowing an attachment, and is sufficient, under section 4995 of the Compiled Laws.

(Syllabus by the Court.   Opinion filed Aug. 13, 1894.)

Appeal from circuit court, Kingsbury county.   Hon. J. O. ANDREWS, Judge.

Action by an assignee for the benefit of creditors to recover of the defendant as sheriff the value of certain goods sold by the defendant under an execution.   Plaintiff had judgment and defendant appeals.   Reversed.

The facts are stated in the opinion.

*W. A. Lynch, T. H. Null,* and *A. P. Schenian,* for appellant.

A deed of assignment is void when the debtor therein reserves exemptions to which he is not entitled.   Comp. Laws, § 4663; Fugg v. Till, 2 Swan, 208; Gall v. Healy, 20 N. W. 674; Clark v. Robinson, 8 Kan. 574; Farquharson v. McDonald, 2 Heish, 404; 1st Natl. Bank v. Hinman, 21 N. W. 280; Kaysar v. Hoverick 5 Kas. 193; Dood v. Hills, 21 Kas. 707.

The attachment proceeding and the provisional lien secured thereby were merged in the judgment and could not thereafter be attacked.   Schrivner v. Dietz, 68 Cal. 1; Porter v. Pico, 55 Cal. 165; Harvey v. Foster, 64 Cal. 296.   The plaintiff was not interested in and cannot be heard to question the regularity of the attachment proceeding.   Lee v. Bradley, 8

Mart. 20; Emerson v. Fox, 3 La. 178; Sanger v. Flow, 1 U. S. C. App. 61.

The grounds of attachment may be stated in the disjunction in the affidavit therefor. Johnson v. Hale, Stewart & Porter 331; Cannon v. Logan, 5 Porter, 77; Wood v. Wells, 2 Bush. 197; Penniman v. Daniel, 90, N. C. 154; Conrad v. McGee, 9 Yerger, 428; Goss v. Gonning, 5 Richardson, 477; Commercial v. Ulman, 10 S. W. 411; Hopkins v. Nichols, 22 Texas, 206; Wynnhard v. Dankel, 1 Woodworlds, Dec. 221; Sandhager v. Hosey, 26 W. Va. 221; Bosbyshell v. Emanuel, 12 S. & M. 63; Irwin v. Howard, 37 Ga. 18; Van Alstynl, v. Erwin, 1 Kernan, 331; Parsons v. Stockbridge, 42 Ind. 120; McGraw v. Welch, 2 Col. 284; Blum v. Davis, 56 Tex. 423; Wilke v. Cocken, 54 Col. 212; Winters v. Pearson, 72 Cal. 553; Kleuk v. Schwalm, 19 Wis. 126.

*Whiting and Cooley,* for respondent.

When a conveyance is said to be void as against creditors, the reference is to such parties when clothed with their judgment and executions, or such other title as the law has provided for the collection of debts. Van Hausen v. Radcliff, 17 N. Y. 580; Gross v. Daly, 5 Daly 542; Thurber v. Blanck, 50 N. Y. 86; Rinchey v. Stryker, 28 N. Y. 50.

The reservation of property as exempt to which debtor is not entitled in a voluntary assignment for the benefit of creditors without fraud will not invalidate the assignment. Red River v. Freeman, 46 N. W. 36; Severson v. Porter, 40 N. W. 577; Dodd v. Hill, 21 Kas. 707; First National v. Frost, 21 N. W. 280; McFarland v. Bete, 25 Pac. 239; Burrill Assignments, 140.

Where goods attached are in the possession of a stranger claiming title the officer must prove that the attachment defendant was indebted to the attachment plaintiff and that the attachment was regularly issued. Thornburgh v. Hand, 7 Cal. 554; Horn v. Corrarubior, 51 Cal. 524; Brichman v. Ross, 67 Cal. 605; Mathews v. Densmore, 5 N. W. 669; Noble v. East-

man, 5 Hill 194; Howard v. Manderfield, 17 N. W. 946; Wade on Attachment, 78 § 33.

The affidavit must state the grounds of attachment specifically; if stated in the disjunctive it is insufficient. Miller v. Muncon, 34 Wis. 579; Stacy v. Stichton, 9 Ia. 399; Guile v. McNanny, 14 Minn. 520; Kegel v. Schrenkhucen, 37 Mich. 174; Hawley v. Delmos, 4 Cal. 196; Culbertson v. Cablen, 29 Tex. 247; Dickinson v. Cowley, 15 Kas. 269; Carpenter v. Predgen, 40 Tex. 33; Dewell v. Howe, 3 Watts, 144.

FULLER, J. On the 28th day of January, 1891, Jennie G. Drake made a general assignment for the benefit of creditors to the plaintiff and respondent, and, on the 6th day of February of that year, Oliver C. Wyman et al, brought suit against her to recover money due on account, and caused the defendant and appellant, as sheriff of Kingsbury county, to levy an attachment upon the assigned goods and chattels, as the property of said Jennie G. Drake. Defendant waived her right to answer, and by stipulation of parties a judgment for the full amount claimed was entered against her on the 16th day of the following march; and, according to the directions of said judgment, the attached property was sold on execution, and the proceeds thereof were applied in satisfaction of the same. This action was instituted by the assignee against the sheriff to recover the value of the property so taken and sold on execution. Upon a verdict directed for plaintiff, a judgment for $2,043.11 was entered and the defendant appealed therefrom.

Such rights as respondent may have rest upon a deed of assignment that was offered on the part of the plaintiff, and received in evidence, which reserves $750 as exempt from levy and sale under the laws of this state relating to an insolvent debtor who is the head of a family; and counsel for appellant maintain that the deed is void upon its face, as it neither shows that the assignor was insolvent, nor that she was the head of a family, and therefore authorized to make an assignment, and reserve such an amount as exempt, under Laws 1890, c. 86, § 2.

While a creditor in position to attack a deed of assignment would have the right to show, as an extrinsic fact, that a reservation in favor of the assignor, not permitted by law, had been made, or that the grantor therein was not insolvent when the deed was executed, a deed omitting to recite such facts would not for that reason be void upon its face as against creditors; and a deed confessedly void as to creditors generally is good as between the immediate parties, and all creditors who may assent to and accept its terms. Burrill, Assignm. 353, 354, and cases there cited. To justify the taking of the property, appellant, in his answer, sets up the attachment proceeding, and assails the assignment on the ground that the same is fraudulent and void as to the creditors of the assignor, Jennie G. Drake; and in order to prove the allegations of fraud, or otherwise attack the assignment, it was first incumbent on him to show that he had taken the property under a valid attachment at the suit of a creditor of the assignor, and had pursued the statutory steps in relation thereto subsequent to the seizure of the same. Fry v. Soper, 39 Mich. 727; Bump, Fraud. Conv. 460–464, inclusive, and cases there cited.

Although the numerous rulings of the court in rejecting appellant's evidence relating to the fraud of the parties and the sufficiency of the deed are assigned as error, we are disposed to adopt the view advanced in respondent's brief, and conclude that, so far as this appeal is concerned, the case must stand or fall upon the affidavit for an attachment, the contested parts of which are as follows: "That defendant has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete her property, with intent to defraud her creditors. Affiant further states that, for and on account of said merchandise sold and delivered as aforesaid, defendant is justly and truly indebted to plaintiffs in the further sum of $93.36, which sum is not yet due, but that nothing but time is wanting to mature the same, and that said defendant has sold, conveyed, or otherwise disposed of her property, with the fraudulent intent to cheat and

defraud her creditors, or to hinder or delay them in the collection of their debts." That the affidavit was insufficient to support an attachment, and justify the action of the sheriff in taking the property thereunder, was the theory upon which the learned court excluded all of appellent's evidence, and directed a verdict in respondent's favor for the value of the property taken from his possession; and, as a further consideration of other questions is deemed unnecessary, we will proceed to an examination of the affidavit for an attachment, and determine the question raised concerning the same.

Section 4995 of the Compiled Laws authorizes the issuance of an attachment upon an affidavit stating—"First, that a cause of action exists against such defendant, specifying the amount of the claim and the grounds thereof; and second, that the defendant is either a foreign corporation, or not a resident of this state, or has departed therefrom with intent to defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with the like intent; or, third, that the debt was incurred for property obtained under false pretenses; or, fourth, that such corporation or person has removed, or is about to remove, any of his or its property from the state with intent to defraud his or its creditors; or, fifth, has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, any of his or its property with the like intent, whether such defendant be a resident of this state or not." Section 5014 authorizes an attachment creditor, in certain cases, to bring an action upon a claim before it is due, and the first ground for an attachment mentioned therein is as follows: "When a debtor has sold, conveyed, or otherwise disposed of his property with the fraudulent intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts." It will be observed in this case that the respective causes or grounds for an attachment are stated in the language of subdivision 5 of section 4995, and the first subdivision of section 5014; and we are disposed to believe that each group or

subdivision constitutes but one cause or ground for an attachment, and that the entire subdivision may thus be stated in an affidavit for a warrant of attachment. Russell v. Ralph, 53 Wis. 328, 10 N. W. 518; Van Alstyne v. Erwine, 11 N. Y. 331; Drake, Attachm. 102. In construing a similar statute, the supreme court of Wisconsin, speaking through Mr. Justice Cole, to the point that an affidavit was defective, in setting out two or more causes for an attachment in the disjunctive, expresses its opinion in the following language: ''It is claimed that the affidavit is defective because it sets out two causes for an attachment in the disjunctive. Upon this point it is stated that the plaintiff has good reason to believe that the defendant 'has assigned, disposed of, or concealed, or is about to assign, dispose of, or conceal, his property, with intent to defraud his creditors.' These causes for an attachment, it is insisted, are repugnant and inconsistent, because, it is urged, if a man has assigned, disposed of, or removed his property with intent to defraud his creditors, there is no reason for saying that he is about to do it. The statute allows an attachment for several causes, one of which is 'that the defendant has assigned, disposed of, or concealed, or is about to assign, dispose of, or conceal, any of his property, with intent to defraud his creditors.' It is impossible, frequently, for a creditor to ascertain whether a debtor has actually consummated a fraudulent transfer of his property, or whether he is about to do so, and therefore the legislature have made these one ground for an attachment. Fraudulent sales are generally secret, and it may be very difficult to say, at a given moment whether they are fully accomplished or not. Hence, a party is permitted to state his case in the alternative,—that the defendant has assigned, disposed of, or concealed, or is about to assign, dispose of, or conceal, his property, with intent to defraud his creditors. And, when regard is had to the manner in which the legislature has enumerated the different cases in which attachments may issue, there can be no doubt that the second subdivision of

section 2 was considered as constituting in fact one ground or cause of attachment." Klenk v. Schwain, 19 Wis. 124. From McCraw v. Welch, 2 Col. 284, we quote the following: "The language of the affidavit as to the ground of the attachment is slightly variant from that of the writ, but the variance has not been noticed in argument, and is not apparently relied upon. But it is urged that several causes of attachment are distinctly alleged, and that both the affidavit and writ are therein substantially defective. It is true that the statement of two or more distinct grounds of attachment in such manner that it is impossible to determine which one of them is relied upon will not be allowed, but this proceeding does not present a case of that character. The allegation is 'that Frank O. Sawin is converting, or is about to convert, his property into money, or is otherwise about to dispose of his property, with the intent of placing it beyond the reach of said John W. Hickman & Co.:' and this according to the authorities, is not a statement of several distinct facts, of different natures, but of several phases of the same fact." In Parsons v. Stockbridge, 42. Ind. 121, the court says: ."The ground of the motion to dismiss the attachment was the insufficiency of the affidavit, in stating the cause for the attachment. The language of the affidavit is as follows: "That the said Albert D. Parsons is about to sell, convey, or otherwise dispose of his property subject to execution, with the fraudulent intent to cheat, hinder, or delay his creditors' The objection to it is that it is in the alternative. The objection is not well taken. Where the disjunctive 'or' is used, not to connect two distinct facts of different natures, but to characterize and include two or more phases of the same fact, attended with the same results, the construction contended for is not applicable." In Tessier v. Englehart, 18 Neb. 167, 24 N. W. 734, the grounds for an attachment relied on are set out in the language of subdivision 8 of section 198 of the statute relating to attachments, the same being as follows: "Has assigned, removed or disposed of, or is about to dispose of his

property or a part thereof, with the intention of defrading his creditors." Cobb, C. J., speaking for the court says: "Here are nine distinct grounds or causes upon either of which an order of attachment may issue. Some of them embrace but one allegation, while others, and most of them, are compound in their character. But, whether single or compound, each one contains but a single cause of action; and it cannot be urged, as an objection to an affidavit or pleading under this section, that it contains disjunctive language, as long as it contains but one of said grounds or causes of action, and substantially follows the language of the statute. The eighth subdivision or group of grounds or causes of action contains five allegations, separated by the disjunctive conjunction 'or,' but in the meaning of the statute it embraces but one ground or cause for attachment. No doubt, if the affidavit contained two of the statutory groupings of grounds or causes, separated by a disjunctive conjunction, the objection, reasoning and authorities of counsel for plaintiff in error would be applicable and unanswerable, but such is not the case."

The object of the legislature was to afford to creditors a remedy that may be made effectual against debtors who may be disposed to be dishonest, without requiring such creditors to swear to a fixed state of facts, involving nice distinctions, concerning which, in most instances, no man could be absolutely positive, and in relation to which the gravamen would, in any case, be the same. Fraud worships at the shrine of secrecy, and, in the nature of things, a creditor is, in many instances, unable to say definitely, upon his oath, whether a debtor is about to assign, dispose of, or secrete his property with intent to defraud his creditors, or whether he has at that moment done so with a like intent. If the affidavit before us contained more than one of the statutory subdivisions and groupings of causes or grounds for an attachment, separated by the disjunctive conjunction "or," we should without hesitation, regard such affidavit fatally defective, and thus be able to affirm the

judgment of the trial court; but as this affidavit is not subject to such an objection, and states only different phases of the same ground for an attachment, in the precise language of the statute, we must reverse the judgment and grant a new trial, and it is so ordered.