BLACK HILLS MERCANTILE CO., Appellant, v. BENDER, Respondent.

(238 N. W. 883.)

(File No. 7233. Opinion filed November 18, 1931.)

*Francis J. Parker,* of Deadwood, and *C. A. Wilson,* of Hot Springs, for Appellant.

*E. B. Adams,* of Hot Springs, for Respondent.

WARREN, J.  A warrant of attachment was issued by the clerk of the circuit court of Fall River county based upon an affidavit of attachment, which reads as follows:

"C. A. Wilson, came before me personally, and being first duly sworn, says that he is the attorney for said plaintiff in the above entitled action, which is brought for the recovery of money, and a summons has been issued therein.

"That a cause of action exists against the defendant and in favor of said plaintiff therein, and the amount of said plaintiff's claim therein is Two Hundred Seven and 44-100ths ($207.44) Dollars, with interest thereon at seven per cent per annum from August 1, 1930, and the ground thereof is as follows, that is to say the amount due from defendant to plaintiff for groceries and merchandise sold and delivered by plaintiff to the defendant at Defendant's special instance and request at an agreed price of $207.44, and the reasonable value of which is $207.44, which amount has not been paid by the defendant to plaintiff although demand for such payment has often been made; and that the defendant, as affiant is informed and believes, is about to secrete, encumber, transfer or otherwise dispose of his property in Fall River County, South Dakota, with intent to defraud and delay his creditors.

"And said affiant deposes and says, that said plaintiff is in danger of losing its claim by reason of the fact aforesaid, unless a Writ of Attachment issue, and prays that such Writ of Attachment may be allowed and issued against the property of said defendant therein, according to the statute in such cases provided; and said affiant says that no previous application has been made therein for such order.                "C. A. Wilson."

The sheriff of Fall River county, S. D., under the warrant of attachment, levied upon the stock of merchandise belonging to the defendant, Henry Bender, and made his return as required by law.

Thereafter the defendant served upon the plaintiff's attorney a motion and notice thereof, to set aside, discharge, and dissolve said attachment on the ground that the facts alleged in the affidavit upon which the warrant for attachment was issued were untrue. At a later date the defendant made a further motion to dissolve said attachment upon the additional ground that there was a substantial departure from the requirements of the statute in obtaining or issuing the warrant of attachment because the affidavit upon which said warrant was issued was made upon information and belief. The case coming on for trial, it was ordered by the trial court that the said attachment be dissolved, for the reason that there was a substantial departure from the requirements of the statute in obtaining or issuing the warrant of attachment.

This is an appeal from the order dissolving the attachment of the plaintiff. There is but one assignment of error made on this appeal, and that is, that the court erred in making its order to dissolve the attachment, for the reason that it was a substantial departure from the requirements of the statute in obtaining and issuing the warrant of attachment. The defendant admitted that he was indebted to the plaintiff, although in a less amount than was claimed in the complaint. Further the trial court was satisfied that the grounds set out by the plaintiff in his complaint and affidavit for bringing the attachment were true. The attorneys for both parties in their arguments before this court have urged but one question, and that is, as to the sufficiency of an affidavit for attachment on information and belief. As no other matters were raised in their arguments, this court will confine its decision to the matters raised.

Section 2433 of the South Dakota Revised Code 1919 provides:

"A warrant of attachment must be obtained from the clerk of the court in which the action is brought, be attested in the name of the presiding judge, and sealed with the seal of the court; it may be issued upon an affidavit stating:

"1. That a cause of action exists against the defendant, specifying the amount of the claim and the grounds thereof; and,

"2. One or more of the grounds for attachment prescribed in the preceding section."

It is to be noted that in this section, and in the preceding section which sets forth the grounds for bringing an attachment, that

there is no mention nor any words to the effect as to how the affidavit for attachment is to be worded, except that it must set forth certain things, to-wit, the attestation of the court, the seal, and the grounds for recovery. There is no mention of any particular wording to be required in the affidavit for attachment.

From the reading of the plaintiff's affidavit, it will be observed that the first portion dealing with the amount of indebtedness is made in positive terms. The closing lines in the second paragraph of the affidavit which is made upon information and belief are as follows: " * * * And that the defendant, as affiant is informed and believes, is about to secrete, encumber, transfer, or otherwise dispose of his property in Fall River County, South Dakota, with intent to defraud and delay his creditors."

While it is true that up to this time this court has made no expressions on affidavits in attachments on information and belief, yet we have said what is necessary to be stated in affidavits concerning opening and setting aside default judgments which were made by an attorney's affidavit upon information and belief. Applying that test to the affidavit in this case, we find that no reason and grounds of belief are given why the affidavit was made upon information and belief. In the case of Cowie v. Harker et al., 32 S. D. 516, 523, 143 N. W. 895, 897, we said: "There also further appears in the affidavit of one of the attorneys for appellant the following: 'Affiant further states upon his information and belief that, immediately after receiving said letter above quoted, the said J. Bergakker reported its contents to the defendant Joseph Harker and as affiant is informed and verily believes the said Bergakker informed the defendant Joseph Harker at Mitchell, S. D., during Corn Palace Week in the fall of 1910, that there were adverse claimants to said land who claimed that said Harker had no further title, interest, or estate in said land and premises.' This affidavit upon information and belief is not entitled to be considered for the reason that the sources of information and grounds of belief are not set out. Miller v. Munson, 34 Wis. 579, 17 Am. Rep. 461; 2 Cyc. 8, 25, note 33. Even when so set out the source of information must be such that the affidavit would not then be open to the objection that it was hearsay."

A further examination of authorities abundantly sustains what this court said in Cowie v. Harker, supra, and has been summed

up in 6 Corpus Juris, 115, § 168: "In an affidavit on information and belief it must, as a general rule, appear that affiant's information was derived from a competent source, that is, the sources of information together with the grounds of the belief must be disclosed in such a manner as to enable the court to decide upon the probable truth of the statements and the authenticity of the jurisdictional facts."

This court having previously decided that an affidavit upon information and belief is not entitled to be considered, unless the reason for and the source of information and grounds of belief are stated and pointed out as in Cowie v. Harker et al., supra, it must necessarily follow that the affidavit for attachment in this case is not sufficient.

The order appealed from is affirmed.

POLLEY, P. J., and CAMPBELL, ROBERTS, and RUDOLPH, JJ., concur.