AURIN Z. LITTLEFIELD *& al. vs.* JONATHAN SMITH *and* EDWARD S. MOULTON, *as his Trustee.*

A chose in action may be assigned for a valuable consideration by the delivery of the evidence of the debt without any written transfer.

An assignment of a chose in action which is valid between the parties, and where there is no fraud, cannot be defeated by a trustee process.

EXCEPTIONS by the plaintiffs from the Court of Common Pleas, REDINGTON J. presiding.

The following is a copy of the survey bill referred to in the disclosure. " *Moscow, April* 1, 1836. Surveyed for *Edward S. Moulton & Co.* of *Saco,* 103.342 feet of timber, hauled by *E. Ford* and *J. Smith* of *Brighton,* at 10s. 6d. per thousand — payment as follows — one third in *June* next, one third in *September* next, and one third in *December* next. *Wadsworth Boulter,* Surveyor."

On the back was written without date. "We, the subscribers, indorse this bill, holden for debt and costs, and waive demand and notice. *E. Ford, Jona. Smith.*" And on " *July* 2, 1836. Rec'd of *E. S. Moulton* fifty dollars in part of the within."

The facts are stated in the opinion of the Court.

*E. Allen,* for the plaintiff, contended, that this being a partnership, and *Moulton* alone being summoned as trustee, he cannot be charged. *Collyer on Part.* 15 ; *Cushing on Tr. Pr.* § 87, 88.

There was no adequate evidence furnished of a partnership between *Smith* and *Ford,* and therefore any assignment of *Smith* alone would not pass the property. 6 *Cowen,* 151 ; *Perkins* v. *Parker,* 1 *Mass. R.* 117 ; 3 *Peere Wms.* 199.

There was no delivery over of the evidence of the debt. The survey bill was merely to show the quantity of the logs, not that

*Moulton* was the debtor of *Smith.* *Lowell* v. *Foster,* 4 *Mass. R.* 308.

*C. Greene,* for the trustee, contended, that here was a sufficient assignment of the demand to *Jewett,* before the service upon the trustee, to pass the equitable interest to him. *Jewett* had paid the consideration, the debt had been verbally assigned to him by *Smith* and *Ford,* who were partners, and the survey bill containing the contract delivered over to *Jewett.* Here the transaction was honest and open and for a full consideration, and that is what the Court look at in determining whether there is or is not an assignment, rather than the form.

The opinion of the Court was drawn up by

SHEPLEY J. — The statement of the principal, *Smith,* is by the agreement of the parties received, and it makes a part of the case. He says, that the debt due to him was agreed to be assigned to *Jewett* in part payment of a debt, and that the survey bill was delivered to him before the service of the writ. And that a written transfer was made on the back of the bill after the service of the writ, which was exhibited to the trustee, and made a part of his disclosure. This bill appears to have been the regular evidence of the debt due to *Smith,* for it not only states the service performed, but the different times at which payment was to be made by instalments, and the trustee declined payment to *Smith* without a production of it.

*Smith* could legally assign his own interest in the debt due to him and *Ford,* and this he had done before the service, if the transactions between him and *Jewett* were sufficient for that purpose. It has been decided, that a chose in action may be assigned for a valuable consideration, by delivery only, without any written transfer. *Clark* v. *Rogers,* 2 *Greenl,* 143 ; *Vose* v. *Handy,* 2 *Greenl.* 322 ; *Briggs* v. *Dorr,* 19 *Johns. R.* 95. And such an equitable assignment will be protected. *Smith* could not have defeated the rights of *Jewett* as they existed at the time of the service, and the plaintiffs are in no better condition.

*Exceptions overruled.*