## CARRINGTON and another vs. EASTMAN.

1. ATTACHMENT — GARNISHEE. In a proceeding in an attachment suit against a garnishee, after appearance and plea to a *scire facias*, it is too late for the garnishee to question the validity of the proceedings against the defendant in the attachment.

2. SUBSCRIBING WITNESS. Where a written instrument is offered in evidence, which is attested by a subscribing witness, his testimony must be produced in proof of its execution, or a sufficient excuse for not doing it must be shown before it can be received in evidence, unless there is some statute which dispenses with such proof.

3. SAME. On the trial of an issue in a garnishee proceeding, an assignment attested by a subscribing witness, from the principal debtor to a third person of a sealed note, was offered in evidence without producing the testimony of such witness or any excuse for its omission. *Held*, that the assignment was properly rejected, and that the statute which makes a written instrument evidence in certain cases that it was signed by the person by whom it purports to have been signed, until its execution is denied under oath, was not applicable to such a case.

4. SEALED NOTE — ASSIGNMENT OF. A sealed note is a mere chose in action which may be assigned by parol as well as by deed, and it is not necessary that it be delivered with the assignment, as both law and equity will take notice of the assignment and protect the rights of the assignee.

Carrington et al. vs. Eastman.

5. GARNISHMENT — EQUITABLE ASSIGNMENT.   A chose in action which has been equitably assigned is not subject to subsequent attachment as the property of the assignor.

ERROR to the District Court for *Grant* County.

The case is fully stated in the opinion of the court.

*T. P. Burnett* and *Moses M. Strong*, for plaintiffs in error.

1. The court erred in rejecting the assignment of the note to William Vineyard.   3 Binn. 394–400.

2. The statute which makes an instrument evidence that it was signed by the party by whom it purports to have been signed, until its execution is denied under oath, rendered the receipt competent evidence without the testimony of the subscribing witness.

*F. J. Dunn*, for defendant in error.

1. The assignment of the note, to be available must have been of equal dignity with that instrument, and should have been under seal (*Parkinson v. McKim, ante*), and should have been on the note itself.   Effect is given to equitable assignments to prevent fraud, but an attaching creditor, not chargeable with fraud, may attach the legal demand.   3 Greenl. 347 ; 6 id. 212 ; 6 Vt. 600 ; 15 Mass. 485.

2. It was incumbent on the garnishees to show payment by proof, but if the assignment was available, notice was necessary to the attaching creditor.   12 Johns. 343 ; 19 id. 95 ; 4 id. 403 ; 3 id. 425 ; 11 Mass. 491 ; 4 id. 450 ; 10 Cow. 444.

3. The statute, to obviate the necessity of proof of the execution of written instruments, applies only to such as are brought forward or put in issue by pleading them, and does not extend to such as are produced as mere matters of evidence, and the production of which might not have been reasonably expected.

IRVIN, J.   This case was brought up on error to the district court of Grant county, where *Ben. C. Eastman,*

the defendant in error, commenced a suit by attachment, returnable to the September term of said county for 1844, against A. P. Field, to recover the amount of certain territorial scrip and certificate, which the said Field received of the said *Eastman*, and as appears from his receipts, agreed to take to the treasury of the United States, and there collect the amount for said *Eastman*, or return to him the scrip and certificate. It is averred that he neither paid the amount nor returned the scrip and certificate. In addition to the oath to procure an attachment, the said *Eastman* made the following : "Wisconsin Territory, Grant county, ss. Personally appeared, *Ben. C. Eastman*, who, being duly sworn, doth depose and say, that he has good reason to believe, and verily does believe, that *Timothy Carrington*, administrator, and *Mary S. Vineyard*, administratrix of the estate of Miles M. Vineyard, late of Grant county, deceased, in the capacity of administrator and administratrix, and *Frederick Hollman*, were indebted to and owing Alexander P. Field, and have credits in their hands in favor of the said Field as aforesaid, to wit, one note dated March 14, 1842, payable to said Alexander P. Field, one day after date, for $1,500, with interest, signed M. M. Vineyard and *Frederick Hollman*, and that there is a large amount due on said note, to wit, $500, as this affiant believes, and further saith not," which oath was taken before the judge of that district.

Upon the filing of these affidavits, the usual process was sued out against the defendant, A. P. Field, and the persons mentioned in the last affidavit as garnishees, and upon which the following return was made by the sheriff: "Grant county, ss, May 25, 1844. Served this writ this day by reading the same to *Frederick Hollman*, and also by leaving a true and attested copy thereof with him, with a written notice that he appear and answer as garnishee in this case as the law directs, by direction of the plaintiff in this cause; and also, by direction of said plaintiff, I summoned, as garnishee, *Mary S. Vineyard*, as

administratrix of Miles M. Vineyard, deceased, and *Timothy Carrington*, by leaving true and attested copies of this writ, with written notices, as the law directs, at their last and usual places of abode, with persons of suitable age and discretion to understand the same, and to whom I explained the contents thereof, neither of them being at home at the time; and I do also return that the said Alexander P. Field was not found in said county, or summoned."

Upon the return of this process, two of the garnishees appeared and made disclosures, and said administratrix, denying all indebtedness whatever to the said Field, among other disclosures disclosed as follows : "That the said promissory note referred to in the affidavit in each of the above entitled causes, was, as she is informed and believes, on or about the 8th day of May, 1844, assigned and transferred by the said Alexander P. Field to William Vineyard, a copy of which assignment and transfer, as has been shown to her, is as follows :

"St. Louis, *May* 8, 1844.

"For value received I do hereby assign ard transfer to William Vineyard, of Platteville, a note given to me by Miles M. Vineyard, and *Frederick Hollman*, for the sum of $1,500, upon which said note various payments have been made to me by James R. Vineyard, for which he has vouchers and receipts ; the said note was and is now in the hands of Benj. Eastman, Esq., of Platteville, who is hereby authorized and directed to account to said William Vineyard for the proceeds of said note, or deliver to him said note as he may elect.

(Signed)          "A. P. FIELD."

"And the said William Vineyard is, and was, at the time of the service of notice in the said causes as aforesaid as she is informed and believes, the legal owner of the said note and whatever sum yet remains unpaid thereon."

*Frederick Hollman*, one of the other garnishees, appeared and disclosed as follows :

Q. 1. Are you acquainted with *Ben. C. Eastman* and Alexander P. Field, the parties to this suit ?

A. I am.

Q. 2. Have you at any time been indebted to Alexander P. Field, and of what nature was the liability ?

A. I signed a note to Field, in conjunction with Miles M. Vineyard, for $1,500.

Q. 3. At what time was the note executed, and was it or not under seal ?

A. I cannot recollect the time, but presume three years or longer ; I don't recollect whether or not it was under seal.

Q. 4. Is that the instrument under seal (the annexed instrument being shown to witness) ? .

A. It is.

Q. 5. Have there been any payments made by you on this note ?

A. None by me.

Q. 6. Has this note ever been presented to you since its execution for payment ?

A. It has not.

Q. 7. What amount, if any, on this note remains due ?

A. I do not know.

Q. 8. Do you know of any transfer by A. P. Field, of this note ?

A. An article of writing was presented to me, setting forth that a certain note given by M. M. Vineyard and *F. Hollman*, on which there had several payments been made, and which was in the hands of *Ben. C. Eastman, Esq.*, was transferred to William Vineyard, dated 8th of May, 1844, and signed by A. P. Field.

Q. 9. At what time did you become aware of the transfer, and when did you first see the transfer ?

A. It was some time in the summer, in June or July, perhaps August, I cannot be sure, I saw the transfer in one of these months.

Q. 10. By whom was the transfer shown to you ?

A. By James R. Vineyard.

Q. 11. Was the transfer under seal?

A. I don't think it was.

Q. 12. Had you been summoned as garnishee in this case previous to the transfer being shown to you?

A. I had, a short time before.

There were other and further disclosures not necessary now to be stated.

Upon the process served, as hereinbefore stated, judgment by default was taken against A. P. Field, and a *scire facias* sued out against the garnishees, on the return of which they interposed a plea, in which they deny any and all indebtedness to the said Field, and deny that they had, either then, or at the day of the service of the process of attachment on them, any property, credits, goods or chattels whatever of said Field; upon which issue was joined, and the parties went to trial before a jury, and a verdict was given for the plaintiff.

During the progress of the trial, it appears, from exceptions taken, that the defendants offered in support of their plea, the transfer from Field to William Vineyard, which was objected to for the reason, that the assignment and transfer was not under seal, and could not, therefore, pass the interest in the note referred to, which was under seal. The court sustained the objection and excluded the evidence. The note referred to was in these words and figures, to wit:

"$1,500.          MINERAL POINT, *March* 14, 1842.

One day after date, for value received I promise to pay A. P. Field, or order, $1,500 with interest.

(Signed)          M. M. VINEYARD,          [L. S.]
(Signed)          FREDERICK HOLLMAN. [L. S.]
(Witness)     MOSES M. STRONG."

The defendants further offered the following receipt, to wit:

"Received of Miles M. Vineyard by the hands of James Vineyard, the sum of $47.50, to be credited on a

note I hold on Miles Vineyard and *Frederick Hollman*, dated in March, 1842, which note has been lost or mislaid.

(Signed)          A. P. FIELD.

Signed in presence of ALONZO PLATT.

*October* 14, 1843."

To the reading of this receipt, objection was made, on the ground that the receipt was witnessed by a subscribing witness, who lived in the Territory, and that it was necessary to produce his testimony in proof of said receipt, which objection was sustained by the court. After the parties had rested, the court instructed the jury : " That the garnishees in this case must satisfy the jury by proof apart from their disclosures, that the debt to Field had been paid before the service of notice on them as such garnishees, or they are responsible to the plaintiff in this proceeding.

" The transfer of the note of Miles M. Vineyard and *Frederick Hollman* to William Vineyard, not being under seal, is not sufficient to defeat the plaintiff in this proceeding. The note to Field being under seal, the legal right remained in him, and any written transfer of said note made by him, not under seal, did not divest him of his legal right, or prevent the writ of attachment from holding the money due on the note in the hands of the garnishees ; and the court will not say that a transfer or assignment under seal would be sufficient in law for that purpose."

After a trial and verdict under these various rulings and instructions, the defendants moved for a new trial on these grounds, and the further one, that the court erred in rejecting the testimony of James R. Vineyard ; and as this court is not informed for what purpose he was offered as a witness, nor for what reason rejected, we shall have to disregard that point altogether.

In the assignment of errors, many other errors are complained of, such as defects in the affidavit upon which

the writ was allowed ; total want of legal service, etc., to all of which the ready reply is, that if ever it were competent for the garnishees to take advantage of such defects, it is too late for them to do so after their appearance to the *scire facias*, and plea to the merits.

The only points then necessary to be noticed in the decisions and instructions of the court are : 1st. The rejection of the assignment and transfer of the note from Field to William Vineyard, and the receipt which was offered in evidence. We shall notice the second of these points first, and say that there is no principle of law better settled than the one, that whenever an instrument of writing is offered in evidence, which is attested by a subscribing witness, the testimony of that witness, in proof of the instrument, must be produced, or an excuse given for not doing it, unless the statute shall otherwise provide ; and not regarding our statute as having done so, and no excuse having been given for the non-production of such testimony, the district court committed no error in rejecting the receipt as testimony in the cause.

In relation to the first ; it is well settled, that the instrument assigned and transferred in this case is a chose in action (1 Bac. Abr. 329, 330, title, Assignment, and Notes ; 2 Black. Com. 442) ; and that a chose in action may be assigned is equally well settled. 1 Bac. Abr. 329, 330 ; title, Assignment, and Notes ; 5 Bac. Abr. 880 ; title, Obligation A., and notes ; 2 Black. Com. 442 ; 4 Pet. Abr. 630, 631, 632 ; 5 id. 404. The assignment may be by parol as well as by deed, and therefore need not be by deed. 4 T. R. 690 ; 4 Taunt. 326. Nor does the fact that the deed · or chose in action was not absolutely delivered with the assignment make any difference, as both law and equity will take notice of such an assignment and protect it. 1 Bac. Abr. 329. All the right and interest which Field had in the note, as it is called, passed from the date of the assignment and became vested in William Vineyard, and that assignment being made at a date anterior to the service of the attach-

ment, the interest therein could not be reached or affected by it ; nor is a chose in action, which has been equitably assigned, subject to attachment as the property of the assignor.   3 Binney, 394.

It is the opinion of a majority of this court, that the district court erred in excluding the evidence of the assignment and transfer of the note from Field to William Vineyard, and the instructions thereon given to the jury, and therefore reverse the decision with costs, and direct that this decision be certified to that court that a new trial may be had in the cause.

DUNN, C. J., *dissenting.*