DORESTAN and another, Appellants, vs. KRIEG and others,
Respondents.

*September 24 — October 12, 1886.*

LIENS. *(1) Lien of subcontractor: Extent. (2) Garnishment: Priority.*

1. Under sec. 3315, R. S., the lien of a subcontractor is not restricted
to the amount due for work done or materials furnished within
thirty days preceding the giving of the notice therein prescribed,
but includes the whole of his claim for labor or materials.

2. A garnishment of the owner as a debtor of the principal contractor
before notice is given that the subcontractor claims a lien, will take
precedence of such lien.

APPEAL from the County Court of *Milwaukee* County.
The following statement of the case was prepared by Mr.
Justice TAYLOR as a part of the opinion:

This action was originally commenced in the county
court of Milwaukee county by the appellants, to foreclose a
lien, claimed by the appellants as subcontractors, for ma-
terials furnished by them to the defendant *Krieg* as prin-
cipal contractor, who was painting, etc., a building for the
defendant *Gross.* The material facts in the case are as
follows:

(1) The appellants had furnished to the respondent *Krieg,*
who was contractor for painting, etc., a house for the re-
spondent *Gross,* paints, oils, glass, etc., between the 20th of
December, 1884, and the 17th of April, 1885, of the value
of $175.35, which *Krieg* had used in performing his con-
tract with *Gross,* and for which *Krieg* remained indebted
to the appellants.

(2) That on the 11th of May, 1885, the appellants served
a notice of their claim of lien for the debt due to them from
*Krieg* upon the respondent *Gross;* and afterwards, in July,
1885, commenced an action to foreclose their lien for the
value of the goods so furnished to said *Krieg,* under the
provisions of secs. 3315–3321, R. S.

(3) To the complaint in this action the respondent *Gross* answered, denying that *Krieg* had finished his contract according to its terms, and also denying that there was any money due from him to said *Krieg;* and, for a further answer, he set up that the money due, or to become due, to *Krieg* on his contract had been garnished by the respondent *Hecht* before the appellants had served their notice of lien, viz., on the 8th day of May, 1885.

(4) The case remained in this condition until the November term of the court, in 1885, when, by stipulation and consent of all the parties, *Gross* paid into court the sum of $190; that being the amount then admitted by him to be due from him to the respondent *Krieg*, on his contract.

(5) The following stipulations were entered into by the parties: By stipulation, *David Hecht* above named, as a defendant, was permitted to file his answer, setting up his claim of priority of lien by reason of certain garnishee proceedings by him instituted against the defendant *Gross* in justice's court, as garnishee of the defendant *Krieg*. It was also stipulated that the defendant *Gross* should pay into court the sum of $190, by him owing to the defendant *Krieg*, as balance due on the contract price of said building. It was further agreed that there was a little finishing to a couple of doors in said house to be done by said defendant *Krieg*, and that he should complete said finishing for said defendant *Gross*. It was also stipulated that the said question of priority of liens, as between said *Hecht*, as garnishee, and the plaintiffs, as subcontractors, should be submitted to the court upon the pleadings and papers on file herein, and also the question of the right of the plaintiff to recover full costs, as against the defendant *Gross*. The following are the stipulations referred to:

"[Title of cause.] It is stipulated and agreed by and between the plaintiffs and defendants that the terms mentioned in certain articles of arbitration dated November 11,

1885, between *Francis Krieg* and *Bernhard Gross*, in relation to the matters mentioned in the complaint in this action, shall control herein, and that the sum therein mentioned, subject to the conditions of said arbitration, be deposited in this court upon the performance of the condition of said arbitration; that said money be paid into court, to be paid out as the court shall direct after hearing parties as to the question of preference and priority of right to the said moneys, or any portion thereof, and also to the question of costs of these proceedings. It is further agreed that *David Hecht*, garnishee mentioned in the answer of said *Gross*, be and he hereby is made a party herein, the same as if an order of interpleader had been made, and that he is entitled to the moneys so to be deposited in court, unless the court shall decide that the plaintiffs herein have a prior lien thereto to the amount thus to be paid into court; said *Hecht* to file an answer, and that the issue raised by such an answer shall be tried upon the record, without any other or further evidence. A disputed question between the plaintiffs and defendants, of and to the amount of $15.00, to be submitted to the court upon proofs to be submitted.

"*Dated November 12, 1885.*

"Austin & Runkel,

"Attorneys for Plaintiffs.

"N. Pereles & Sons, and

"E. P. Smith,

"Attorneys for Defendants.

"Frank M. Hoyt,

"Attorney for *David Hecht*."

The case was then tried by the court without a jury, and on the trial it was admitted by the respective parties that the complaint of the appellants and the answer of *Hecht* were true.

After the hearing, the court made the following findings and judgment: "That, as a matter of law, of the said

sum so paid into court the plaintiffs are entitled to the value and price of articles furnished by said plaintiffs to said defendant *Krieg* on the 16th day of April, 1885, and within thirty days of notice served by said plaintiffs as subcontractors; and that out of the balance of said sum so paid into court said defendant *Hecht* is entitled to be paid the sum of $163.31, being the amount of the judgment recovered by said *Hecht* against said *Gross*, as garnishee of said *Krieg.*" And thereupon it was ordered by the court "that the clerk of the court pay to said plaintiffs, and to said defendant *Hecht*, the sums respectively adjudged to them, as above provided, out of the sum so deposited in court;"·and it was further ordered "that, as between said plaintiffs and the said defendants *Gross* and *Hecht*, no costs be allowed to either party."·

To these findings and order the plaintiffs duly excepted, and appeal therefrom to this court.

They allege for error that the circuit court should have found in their favor; that their whole claim ought to have been paid out of the money in court, instead of only so much thereof as was due for articles sold and delivered to *Krieg* within thirty days previous to the day of the service of notice of lien upon the said respondent *Gross;* and they further allege as error that the court did not adjudge that they should recover costs against the respondents *Gross* and *Hecht*.

For the appellants there was a brief by *Austin, Runkel & Austin*, and oral argument by *Mr. R. N. Austin.*

*M. N. Lando*, for the respondent *Gross.*

*Frank M. Hoyt*, for the respondent *Hecht.*

TAYLOR, J.   The material questions arising on this appeal are (1) whether the plaintiffs, as subcontractors under *Krieg*, have a lien for the value of all the goods furnished to *Krieg*, the contractor, and which were used by him in the work done upon the defendant *Gross's* house, or whether

their lien is limited to the value of such articles only as were furnished to *Krieg* within thirty days next previous to serving their notice of claim of lien upon *Gross*. (2) Whether *Hecht*, as creditor of *Krieg*, having served his process of garnishment upon the defendant *Gross* before the plaintiffs served their notice of lien upon the said *Gross*, should be preferred to said plaintiffs for the amount found due to him from *Krieg* in such garnishee action, out of such sums of money as should be found due from *Gross* to *Krieg* at the time the garnishee action was commenced.

It would seem, from the statement of the law as made by the learned county judge, that he was of the opinion that the plaintiffs should be preferred, notwithstanding their notice of lien was not served until after the garnishee proceedings were commenced by the service of the summons and notice of garnishment upon *Gross*. Such finding did not, however, if erroneous, prejudice the respondent *Hecht*, if the other finding of the learned judge was correct, viz.: that the plaintiffs and appellants had a lien and claim against the defendant *Gross*, only for the value of the articles furnished to *Krieg* within thirty days previous to the service of his notice of claim for a lien; as the evidence shows that the value of the goods so furnished was less than the difference between the claim of *Hecht*, as allowed by the court, and the sum of $190, which *Gross* had paid into court for the benefit of the plaintiffs and the defendants *Hecht* and *Krieg*. We must therefore determine the two questions above stated.

Were the plaintiffs limited in the extent of their claims for a lien, as against *Gross*, to the value of the articles furnished to *Krieg* within thirty days next previous to the giving of his notice as required by the statute? After a careful reading of the statute, we think this question should be answered in the negative. Sec. 3314, R. S., gives a lien to the original contractor upon the building and premises

which is to have preference to all other liens placed on the premises after the commencement of the work by the contractor, without giving any notice whatsoever. Sec. 3315 provides that a subcontractor of the original contractor, who " performs work or labor for, or furnishes any materials to, a principal contractor, in any of the cases mentioned in section 3314, shall be entitled to the lien and remedy given by this chapter, if within thirty days after performing such work or labor, or furnishing such materials, he shall give notice in writing to the owner or his agent of the property to be affected by such lien, setting forth that he has been employed by such principal to furnish and has furnished such work, labor, or materials, with a statement of the labor or materials furnished, and the amount due therefor from such principal contractor, and that he claims the lien by this chapter; but the claim of such subcontractor shall not constitute such lien, except so far as such owner shall, at the time of giving such notice, be, or shall thereafter become, indebted to such principal contractor for work done or materials furnished under the principal contract." Sec. 3316 declares that all claims for lien, and rights of action to recover therefor, under this chapter, shall be assignable. Sec. 3317 provides that the taking of a note, or other evidence of indebtedness, for any such work, labor, or materials done or furnished, shall not discharge the lien thereby given, etc.; and then sec. 3318 limits the time within which an action to enforce such lien must be commenced, and prescribes that no lien shall be enforced " unless, within six months from the date of the last charge for performing such work and labor, or of the furnishing of such materials, a claim for such lien shall be filed, as hereafter provided, in the office of the clerk of the circuit court of the county in which the lands affected thereby lie, nor unless such action be brought within one year from such date." Sec. 3319 provides how the lien shall be docketed, etc. Sec. 3320 pro-

vides what the claim for lien, which is required to be filed, shall state in order to secure the benefits of the act; and this section also provides, among other things, that there shall be a statement in the claim of "the last date of the performance of labor or furnishing of materials." The other sections of the act prescribe the manner of foreclosing the liens when perfected as prescribed by the foregoing sections.

Under the provisions of the chapter the original contractor has a lien by virtue of the fact that he performs the work or furnishes the materials, and no notice to the owner or agent is required to create the lien. And this is reasonable, because the original contractor treats with the owner as agent, and such owner or agent has full knowledge of what has been done under such contract. The subcontractor does not deal with the owner or agent, and such owner or agent is not supposed to know of the dealings of the contractor with those he employs or deals with. Hence, in order to create a lien in favor of such subcontractor, it is necessary that he should give notice of his claim for a lien; and as some time must be fixed within which such notice must be given in order to create the lien in his favor, the statute requires that such notice must be given within thirty days after the performance of such work or labor, or furnishing such materials.

When such notice has been given, the lien is created in favor of the subcontractor to the full extent that it is in favor of the original contractor, and to no greater extent; as he can only have a lien for the amount due, or to become due, to the original contractor, at or subsequent to the time the notice is served. All the subsequent sections of the act relate as fully to the lien of the subcontractor as they do to the original contractor, and, unless he files his claim for a lien within the time prescribed by sec. 3318, and in the form prescribed by sec. 3320, he loses his lien notwithstand-

ing he may have given notice as required by sec. 3315; and by sec. 3318 every person having a lien, whether as original contractor or subcontractor, and who has filed his claim as required by that section, shall lose it unless he commences an action to enforce it within one year from the date of the last charge for performing the work or for furnishing such materials. The original contractor loses his lien unless he files his claim for lien within six months after the date of the last charge, etc., and so the subcontractor loses his lien, which he creates by giving the notice required by sec. 3315, unless he files his claim within six months after the date of his last charge, and commences his action within one year from the same date, and not from the date of his giving notice of his lien.

We see, therefore, no good reason for holding that he should be restricted as to the extent of his claim for a lien after he has given his notice, any more than the original contractor. The provision requiring notice to be given within thirty days after the work is done or the materials furnished, was not intended, as we think, to declare the extent of the lien of such subcontractor, but was required in order to create a lien in his favor at all; and, when he has created the lien by giving the notice, the extent of his lien is declared in the other sections just as fully as it is in favor of the original contractor. The owner of the building does not suffer any hardship by this construction of the statute, as he is only held liable to the subcontractor to the same extent he is to the original contractor. The lien of the subcontractor, under our statute, is, in its effect upon the owner, similar to an ordinary garnishment. The subcontractor is substituted as the creditor of the owner, in place of the original contractor, and only to the extent that the owner is indebted to the original contractor is he made debtor to the subcontractor; and the only difference between the claim of the subcontractor and an ordinary gar-

nishee debtor is that the subcontractor may have a lien on specific property if the debt due the original contractor be not paid.

Under our statute, we do not see that any of the supposed hardships spoken of by the learned judges of the courts of New York in the cases cited by the learned counsel for the respondents under the laws of that state, exist. See *Spencer v. Barnett*, 35 N. Y. 94; *Carman v. McIncrow*, 13 N. Y. 70, 73. Any other construction of the statute would lead to the absurdity of requiring the subcontractor to renew his notice every thirty days during the time he labored for or furnished materials to the original contractor, or lose his right to the lien intended to be given by the statute.

We think, under the evidence in the case at bar, the plaintiffs had a lien for the whole amount of their claim, and would be entitled to be paid the full amount out of the $190 in court, unless the respondent *Hecht* had a superior claim to such money by reason of the fact that he had commenced a garnishee action against said *Gross*, as the creditor of *Krieg*, before the plaintiffs served their notice of lien. We have seen, from what is said above, that on the 8th of May, when this garnishee suit was commenced, the appellants had acquired no lien upon the property of *Gross*, or claim to the money in his hands which was due or to become due to the original contractor. We held in *Walker v. Newton*, 53 Wis. 336, 342, that the subcontractor had no lien until he served his notice, and by the statute he then has a lien only to the extent of his indebtedness to the original contractor.

There can be no doubt that the lien of the subcontractor is defeated by a payment in good faith to the original contractor before the notice is served. It is also equally clear that such lien is defeated by an assignment of the claim due from the owner by the original contractor, made in good faith before the notice is served. See *Superintendent·*

*of Schools v. Heath*, 15 N. J. Eq. 22; *Garrison v. Mooney*, 9 Daly, 218; *Copeland v. Manton*, 22 Ohio St. 398, 403. In the last case cited the court say: " It seems to be the policy of the act to confer upon the subcontractor only the right to be subrogated to the claims of the contractor, under his contract with the owner, at the time the requisite notice is given. If, therefore, the contractor has *then* no claim against the owner, or there are no payments due or to be made to *him*, the act does not, in terms or effect, bind the owner to retain anything for the benefit of the subcontractor, and he obtains no lien on the amount he is bound in equity and law to pay to another. The position of the subcontractor in this respect is much the same as if they had garnished the owner by proceeding in attachment. Both forms of proceeding are statutory remedies to subject a claim due to a debtor to the payment of his debt, and, whenever available, are in effect substantially alike. It is a fundamental principle that an attaching creditor can stand on no better footing, as against *bona fide* purchasers or assignees of his debtor, than the latter does at the time of the attachment or garnishment." See Drake on Attachm. § 527; *Wakefield v. Martin*, 3 Mass. 558; *Dix v. Cobb*, 4 Mass. 508; *Warren v. Copelin*, 4 Met. 598; *Littlefield v. Smith*, 17 Me. 327; *Walling v. Miller*, 15 Cal. 38; *Smith v. Clarke*, 9 Iowa, 241; *Tazewell's Ex'r v. Barrett*, 4 Hen. & M. 259; *Beck v. Cole*, 16 Wis. 95; *Carrington v. Eastman*, 1 Pin. 650.

If the commencement of the garnishee action of *Hecht* operated to assign to *Hecht* any part of the debt due from *Gross* to *Krieg*, then, as to the part of the debt so assigned, *Gross* was no longer liable to *Krieg*, but was liable therefor to *Hecht;* and, as to the amount for which he became liable to *Hecht*, he was no longer indebted to *Krieg;* and consequently the lien of the appellants, when they served their notice, did not attach to that part of the debt due to

*Krieg*, which had been, by the operation of the garnishment, assigned to *Hecht*.

Sec. 3719, R. S., provides as follows: "The garnishee, from the time of the service of such summons, shall stand liable to the plaintiff to the amount of the personal property, money, credits, and effects in his hands belonging to the defendant, and the amount of his own indebtedness to the defendant then due or to become due, and not by law exempt from sale on execution." Sec. 3730 provides that " in all actions brought by the defendant against the garnishee for the recovery of any property, credits, money, or effects delivered up or paid by order of any judgment under this chapter, except costs rendered against the garnishee, such judgment may be pleaded in bar, and the same shall be conclusive between the parties." These sections relate to the proceedings by garnishment in justice's court. Similar provisions are found in the act regulating the proceedings by garnishment in the circuit court. See secs. 2768, 2770, R. S.

Under these provisions of the law it seems to us clear that the plaintiff in the garnishee action must be preferred, to the extent of his claim against the original contractor, to the subcontractor, who does not serve his notice of claim of lien until after the commencement of such garnishee action. The injustice of any other ruling would be apparent in a case where the subcontractor did not serve his notice until after judgment had been rendered against the owner in the garnishee proceedings. We do not see upon what principle of law it could be held that the service of the claim of lien, served after judgment, could avoid the judgment against the owner and in favor of the creditor of the original contractor. The only case the learned counsel have been able to find which bears directly upon this case is the case of *McCullom v. Richardson*, 2 Handy, 274 (Superior Court of Cincinnati). In this case it was held that

the plaintiff in the garnishee action should be preferred to the subcontractor who did not serve his notice of claim for a lien until after the commencement of the garnishee action.

For the reasons above stated, we think that part of the judgment or order in this case directing the payment of the judgment in favor of *Hecht* in full, out of the $190 paid into court, was properly made, and that so much of the order as directed the payment, out of said money, to the plaintiffs and respondents, only for the value of the goods furnished to the contractor within thirty days previous to the service of his claim of lien, was erroneous, and that the order should have directed the payment of the whole of the remainder of the money in court, as it is clear that their claim exceeded that sum.

We have treated this case upon the theory that the $190 was due from *Gross* to *Krieg* at the time of the commencement of the garnishee action, as well as at the time of the service of the claim of lien. We do this because it appears from the proceedings of the arbitrators, who had the matter in consideration between *Krieg* and *Gross*, that *Krieg* had substantially finished his work before the garnishee action was commenced.

The order and judgment of the county court is affirmed, so far as it directs the payment to the respondent *Hecht* of the sum of $163.31, out of the $190 paid into court, and is reversed so far as it directs that the appellants be paid, out of said money so paid into court, the value only of such materials as were delivered by the appellants to the original contractor within the thirty days next previous to the serving of his notice of claim of lien. The court should have directed that the whole of the remainder of said $190 should be paid to them. The respondent *Hecht* is to recover costs of the plaintiffs on this appeal, and the plaintiffs are to recover costs of this appeal against the respondent *Krieg*.

*By the Court.*— Ordered accordingly.