## JACOB C. JOHNSON, Respondent, v. C. A. HIB-BARD, Appellant.

### No. 1509.     (75 Pac. 737.)

1. **Chattel Mortgages: Complaint: Sufficiency.**
    A complaint, in a suit to foreclose a chattel mortgage securing a note, alleging that the note and mortgage were made and delivered by defendant to the payee, who afterwards, before maturity, and for a valuable consideration, assigned and delivered the same to plaintiff, who has ever since been the owner and holder of the same, and that the note is due and wholly unpaid, is sufficient to withstand a general demurrer.

2. **Attorney's Fees: Reasonableness: Presumption.**
    In a suit to foreclose a chattel mortgage, where the evidence is not before the Supreme Court, it must assume that the attorney's fee allowed by the trial court was reasonable and justified by the proof.

3. **Pleadings: Sufficiency: Aider.**
    An omission in a complaint of the technical words rendering a note negotiable in form is supplied by an incorporation of the note itself, containing the words "or order," in the answer, and defendant is bound thereby.

4. **Promissory Notes: Nonnegotiable: Assignment: Notice of Assignment: Payment after Notice.**
    Even if a note was in form nonnegotiable, its assignment by the payee by delivery to plaintiff for a valuable consider-

ation, and in good faith, operated as an equitable assignment of the same, and bound the maker after notice given to him by plaintiff before actual payment to an attaching creditor of the payee, and notice before levy of the attachment was not necessary.

5. **Chattel Mortgages: Validity: Failure to Record: Foreclosure.**
Under Revised Statutes 1898, section 150, declaring chattel mortgages invalid against the rights and interests of any person other than the parties, unless accompanied by affidavit of good faith, and filed in the office of the recorder, the fact that a mortgage was accompanied only by the affidavit of the mortgagor, and was not recorded or accompanied by an affidavit of the mortgagee, did not render it void as between the parties or the mortgagor and the assignee of the mortgage, where no rights of others, by purchase, attachment or otherwise, had intervened.

(Decided February 26, 1904.)

Appeal from the First District Court, Cache County.—
*Hon. C. H. Hart,* Judge.

Action to foreclose a chattel mortgage given to secure a certain promissory note. From a judgment in favor of the plaintiff, the defendant appealed.

AFFIRMED.

*George Q. Rich, Esq.,* for appellant.

*James C. Walters, Esq.,* for respondent.

BARTCH, J.—This a suit to foreclose a chattel mortgage which was given to secure the payment of a promissory note of even date therewith. The complaint, among other things, alleges that on July 26, 1902, the note and mortgage were made and delivered by the defendant to Herman Spenst, the payee; that afterwards the payee, before maturity, for a valuable consideration, assigned and delivered the same to the plaintiff, who has ever since been the owner and

holder of the same; and that the note is due and wholly unpaid. The defendant denied generally the allegations of the complaint; except certain matters which he admitted, and referred to the note and mortgage, and made them a part of the answer. As a further defense, it is averred in the answer that the note has been fully paid, satisfied and discharged; the amount thereof having been paid, as is alleged, by the maker, to a judgment creditor in an attachment suit, wherein the payee was defendant, and in which such amount was attached. The note, as is shown by the answer, upon its face was payable to "Herman Spenst, or order." It appears from the findings of fact (the evidence not being before us) that on July 26, 1902, the defendant made, executed, and delivered to Herman Spenst the promissory note in dispute, for the sum of $50, payable 60 days after date, and, as security for its payment, also executed and delivered to the payee a mortgage on personal property, but the mortgage was never filed for record; that on September 1, 1902, the payee, for a valuable consideration assigned the note and mortgage, without indorsement, to the plaintiff; that on September 25, same year, the Sidney Stevens Implement Company, in an action pending in a justice's court, entitled "Sidney Stevens Implement Company v. Herman Spenst," attached the amount due from Hibbard to Spenst on the note, and on the next day (September 26th) the plaintiff, Johnson, notified Hibbard that he was the owner of the note and mortgage by assignment from the payee; that on October 25, 1902, Hibbard, notwithstanding the notice of Johnson that he was the owner of the note and mortgage, paid the amount due thereon to the attaching creditor; and that the assignment of the note and mortgage was not made to defraud the attaching or any other creditor. As conclusions of law, the court found that the plaintiff was the legal holder and owner of the note and mortgage, and that the defendant had no legal right to pay the amount due thereon to the attaching creditor,

and rendered judgment in favor of the plaintiff for the amount of the note, $25 attorney's fee, and costs of suit, and ordered a sale of the mortgaged property to satisfy the judgment.

The appellant insists that the court erred in over-ruling his demurrer to the complaint. We think not. The demurrer was a general one, and, while it must be admitted that the complaint is subject to criticism, and might have been vulnerable to a specific plea, still the allegations are sufficient to withstand a general demurrer.

Nor is the assignment of error respecting the attorney's fee allowed by the court well taken. The evidence is not before us, and therefore we must assume the fee allowed was reasonable and justified by the proof.

The main question herein presented is whether the court erred in deciding that the respondent was the legal owner and holder of the note and mortgage, and that he was entitled to a decree of foreclosure. The appellant's contention, in effect, is that it does not appear from the allegations of the complaint that the note was negotiable in form, it not appearing from such allegations that it was payable "to order" or "bearer," that therefore the note was not negotiable, and thus the respondent, by delivery to him, became simply an assignee or transferee of the note and mortgage; that being merely an assignee or transferee of a nonnegotiable instrument, in order to be protected as a purchaser of the note he was bound to give notice to the maker of his title before notice of the attachment was served upon such maker; that he having failed to give the maker such notice the latter, immediately upon the levy of the attachment, became liable to the attaching creditor to the amount due on the note; that, upon payment being made to such creditor, the obligation or debt evidenced by the note was discharged; and

that thereafter the assignee had no recourse upon the maker, and no right to have the mortgage foreclosed. The position of the appellant, under the circumstances of this case, is not sound. It is true the allegations of the complaint, giving merely a general description of the note, do not contain the technical words which render such an instrument negotiable in form; but the note is referred to and made a part of the answer, which shows that it was made to ''Herman Spenst, or order,'' thus supplying the omission in the complaint and the appellant must be held by his answer. But if it should be conceded that the note, in form was nonnegotiable, still the assignment by the payee by delivery to the respondent, for a valuable consideration, in good faith, was binding upon the maker, after notice of the assignment given before actual payment of the money to the attaching creditor. The assignee was not bound to give notice to the maker of his title before the levy of the attachment. Such notice given before payment by the maker, was sufficient. Upon receiving information or notice of the assignment, it became the duty of the maker, in his answer to the attachment proceedings, to state the fact, for the protection of his own rights as well as those of the assignee; and if he had already, at the time of notice of the assignment, made his answer, then it was his duty to amend it so as to inform the court of the actual state of facts, and to enable it to relieve him from the payment of the money at his peril. Having failed to do this, and having paid the money due upon the note to the attaching creditor of his own volition, after notice of the assignment, he is not discharged from his obligation under the note and mortgage; nor can he now plead such payment in bar of this suit. That payment affords him no protection against this action to foreclose the mortgage, or against a second payment to the assignee.

The delivery of the note and mortgage, for a valuable consideration, operated as an equitable assign-

ment of the same; and the assignee and holder of the note had a right after notice of the assignment to the maker before voluntary payment by him to the attachment creditor in the suit against the assignor, to enforce a second payment to him, under our statute, by suit in his own name, without a written assignment or an indorsement.

In Drake on Attachment, section 608, the law applicable to this class of cases is stated thus: "An assignment of a debt will protect the rights of the assignee from a subsequent attachment against the assignor, though no notice may have been given to the debtor before the attachment, if it be given in time to enable him to take advantage of it before judgment against him as garnishee. And it is his duty at any time before such judgment to make such notice known to the court, failing in which, the judgment will avail him nothing as a defense against an action by an assignee of the debt." And in section 607a the author says: "The obligation of the garnishee to state in his answer the fact of his having received information of an assignment of the debt is not dispensed with by the fact that the assignee knew of the garnishment, and might have intervened and asserted his right to the money." Drake on Attachment, secs. 607-610; Wade on Attachment, sec. 472; Davis v. Johnson, 4 Colo. App. 545, 36 Pac. 887; B. B. Boom Co. v. Brisbois, 14 Wash. 173, 44 Pac. 153; O'Neal v. Seixas, 85 Ala. 80, 4 South. 745; Raynor v. Hoagland, 39 N. Y. Super. Ct. 11; Littlefield v. Smith, 17 Me. 327; C. & St. L. R. Co. v. Killenberg, 82 Ill. 295; Dennis v. Twitchell, 10 Metc. 180; White v. Callinan, 19 Ind. 43; 7 Am. Dig. (Cent. Ed.), 737, sec. 497.

Nor was the mortgage, which was accompanied only by the affidavit of the mortgagor, void, as between the parties thereto, or the mortgagor and assignee of the mortgage, because not recorded and unaccompanied by an affidavit of the mortgagee; no rights of third parties as to the mortgaged property, by pur-

chase, attachment, or otherwise, having intervened. Revised Statutes 1898, sec. 150.

We find no reversible error in the record. The judgment is affirmed, with costs.

BASKIN, C. J., and McCARTY, J., concur.