## Mairet and others vs. Marriner and others.

### *Affidavit for an Attachment.*

An affidavit for an attachment is not defective because, after stating the value of the property at a specific sum, it adds the words " as near as may be " (*Oliver v. Town*, 28 Wis., 329); nor because the affiant, following the language of the statute, states that he " knows or has good reason to believe," etc., — perjury being assignable upon these words.

APPEAL from the Circuit Court for *Chippewa* County.

Plaintiffs appealed from an order of the circuit court setting aside a writ of attachment, under which they had levied upon the property of the defendants in the action. The points involved in the appeal are stated in the opinion.

*A. Meggett* and *W. R. Hoyt*, for appellants, to the point that the affidavit on which the attachment was based was sufficient, cited *Oliver v. Town*, 28 Wis., 329. The affidavit is in all particulars in the exact language of the statute. Tay. Stats., ch. 130, § 2, subd. 2. This statute provides that the affidavit shall contain a statement that the "deponent knows, or has good reason to believe," etc., thus providing the exact form of statement which, when made in the affidavit, will permit the issue of the writ. Where the affidavit contains these statements, in the exact words of the statute, it cannot be held irregular because its statements are in the alternative, as the statute provides they may be. See also *Whitney v. Brunette*, 15 Wis., 61 ; *Klenk v. Schwalm*, 19 id., 111 ; *Blackwood v. Jones*, 27 id., 499. Judge DENIO remarks in *Van Alstyne v. Erwine*, 11 N. Y., 331, that "a liberal indulgence must be extended to these proceedings, even upon questions of jurisdiction, if we would not render them a snare, rather than a beneficial remedy."

*H. Cousins* and *A. K. Gregg*, *contra*, argued that the words "as near as may be," as used in the statute with reference to the statement by affiant of the amount due, are not used to qualify, but to make positive and definite the statement of the amount of the indebtedness. Plaintiff is bound to know how much defendant does owe him, or he can not make the affidavit. This court held, in *Lathrop v. Snyder*, 16 Wis., 293, that the words "as near as deponent can now ascertain the same" were not sufficient, because the affidavit did not state the amount with certainty. It is true that affiant in this case has used the words of the statute in stating the amount of indebtedness due at $911, "as near as may be," but can he be allowed to use the language that was intended to make the same definite and certain, for the purpose of making it indefinite and uncertain? Again, the affidavit is defective in that it does not show that deponent knew, or that he had good reason to believe, that defendants had disposed of or were about to dispose of their property, etc. He must state one or the other, but he has

stated that "he knows or has good reason to believe," etc.    He did not mean to say both, else he would not have used the disjunctive "or." Which did he mean to say? The affidavit is clearly insufficient to meet the requirements of the statute.

LYON, J. This an appeal from an order of the circuit court setting aside a writ of attachment which had been theretofore issued in the action, and by virtue of which the property of the defendants had been seized by the sheriff. The order was made upon the ground that the affidavit for the writ is fatally defective. Such affidavit was made by one of the plaintiffs, and states that the defendants are justly indebted to the plaintiffs in the sum of $911.95, "*as near as may be*," etc., and further, that the affiant "*knows, or has good reason to believe*," that the defendants have made or are about to make a fraudulent disposition of their property.

The objection to the sufficiency of the affidavit because the statement therein of the indebtedness of the defendants is qualified by the words "*as near as may be*," is determined adversely to the defendants in the case of *Oliver v. Town*, 28 Wis., 329, and requires no further consideration.

The only other objection taken to the affidavit is based upon the use of the words "*knows or has good reason to believe*," in the connection just stated. In this respect the affidavit is in the words of the statute which requires it to be made and annexed to the writ of attachment. R. S., ch. 130, sec. 2. In *Miller v. Munson* [*ante* p. 579], we had occasion to determine in what cases an affidavit for an attachment, which is in the language of the statute, should be held sufficient. The conclusion there was, that such an affidavit is sufficient if perjury may be assigned upon it in case it is false. This affidavit, at the very least, contains a positive statement that the affiant, when he made it, had good reason to believe that the defendants had made, or were about to make, a fraudulent disposition of their property with intent to defraud their creditors. Now if it can

be proved that affiant knew, when he made the affidavit, that such statement was false, there is no difficulty in framing an indictment or information against him, and assigning perjury on the affidavit. Hence, within the rule established in *Miller v. Munson*, the affidavit is sufficient.

It follows that the order of the circuit court must be reversed; and as the original papers were sent up on the appeal, the cause must be remanded for further proceedings according to law.

*By the Court.*—It is so ordered.