HAWES, Respondent, vs. CLEMENT and others, Appellants.

*September 22 — October 13, 1885.*

ATTACHMENT. *(1) Several actions: Validity of prior attachment, how tested: Practice. (2, 3) Affidavit: Amount of debt. (4) Absconding debtor: Affidavit.*

1. The property of B., which had been attached in several actions pending at the same time, was sold and the proceeds were in the hands of the sheriff. The actions were prosecuted to judgment and executions were issued. Several of the judgment creditors moved to vacate the attachment of H. which had been first levied upon the property. The motion was, in form, in the action of *H. v. B. Held,* that such procedure was effectual to obtain an adjudication of the questions of the validity of such attachment and the priority of the parties in their rights to the proceeds of the property.
2. An affidavit for an attachment must state the amount of the defendant's indebtedness to the plaintiff; and if the cause of action be of such a character that the plaintiff cannot know the amount, no attachment founded upon it can be lawfully executed.
3. An affidavit stating that the defendant is indebted to the plaintiff in an amount specified " as near as this plaintiff is able to determine," is insufficient.
4. Under subd. 1, sec. 2731, R. S., an affidavit stating that the defendant has absconded from this state, need not further state that he has so absconded to the injury of his creditors.

APPEAL from the Circuit Court for *Rock* County.

The parties litigant are severally creditors of Boyd. Each of them commenced an action against Boyd on a separate demand, and sued out a writ of attachment therein. All of the attachments, seven in number, were levied upon the same property of Boyd. The respondent's attachment was first levied. On his petition the property so attached was sold pursuant to sec. 2740, R. S., and the proceeds of such sale remain in the hands of the sheriff. Each party has prosecuted his action to judgment and has issued execution thereon. The appellants, who are the plaintiffs in six of the attachment suits, moved the court to vacate the attachment of the respondent, *Hawes*, and to hold the same void as against them, and that the sheriff be directed to apply the proceeds of the sale of the attached property in satisfaction of their several judgments and executions. The respondent filed a counter-motion or petition, asking that such proceeds be first applied in satisfaction of his judgment and execution. The circuit court denied the motion of the appellants, and granted that of the respondent. This appeal is from the order in that behalf. The grounds upon which the validity of the respondent's attachment is denied are stated in the opinion.

For the appellant there was a brief by *Fethers, Jeffris & Smith*, and oral argument by *Mr. Jeffris*.

For the respondent there were briefs by *Carpenter & McGowan*, attorneys, and *Wm. Ruger*, of counsel, and oral argument by *Mr. Carpenter* and *Mr. Ruger*.

LYON, J. I. The moneys in the hands of the sheriff, being the proceeds of the sale of the attached property, are under the control of the court, and doubtless the court may inquire and determine who is entitled thereto, and order the same paid over to the person or persons so entitled. The procedure to that end, in form, is in the action of *Hawes v.*

*Boyd,* yet, in substance and effect, it is not strictly in that, or in either of the actions against Boyd, but is rather in the nature of a special proceeding growing out of and founded upon all those actions; to which proceeding all the attaching creditors of Boyd (and perhaps Boyd also) are parties. If the respondent's attachment was valid, he is entitled to have his judgment paid first out of such moneys. If his attachment is not valid, the appellants, the other attaching creditors of Boyd, are first entitled to have the moneys applied in payment of their judgments in due order of priority. Manifestly the appellants may, in some proceeding, litigate and have determined the question of the validity or invalidity of such attachment. Regarding substance rather than mere form, we think they have adopted an effectual procedure to obtain an adjudication of that question. If authorities are required to a proposition so reasonable and just, they may be found cited in the notes to sec. 275, Drake on Attachment.

II. The validity of the respondent's attachment is impeached on two grounds. These are: (1) The respondent's claim was of such a nature that an attachment could not lawfully issue in an action to enforce it; and (2) the affidavit annexed to the writ is insufficient to authorize the officer to execute such a writ.

1. The cause of action stated by the respondent in his action against Boyd is to the effect that in March, 1884, he delivered to Boyd goods, wares, and merchandise of the value of $7,814.83 to be sold by the latter for him at Janesville; that he *(Hawes)* agreed to and did furnish Boyd a salesman at his own expense, and agreed to and did pay one half of the rent of store and one half the cost of advertising; that Boyd was to pay all the other expenses of making such sale, was to dispose of the stock to the best advantage, and, when sold, was to retain one half of the net profits accruing from the sale for his services therein, and was to

make weekly deposits in a certain bank, to the credit of *Hawes*, of the money received from such sales. Between March 24 and July 14, 1884, Boyd so deposited $969.15, which is all *Hawes* ever received on account of such sales. Boyd continued to sell from the stock until December 5, 1884, on which day he absconded from this state.

The complaint concludes with the following averments: "This plaintiff further shows that he is unable to state what, if any, portion of said goods so delivered by this plaintiff to said defendant to be sold as aforesaid, remain unsold; and this plaintiff will be unable to state the exact amount till after he takes an inventory of the goods remaining unsold and belonging to this plaintiff; and this plaintiff further shows that the balance of said goods so delivered to said defendant and remaining unsold, or sold and unaccounted for, is the sum of $6,845.18, with interest from the said 14th day of July, 1884." Judgment is demanded for the sum last named.

It is essential to a valid execution of a writ of attachment that the affidavit annexed thereto should state not only a statutory cause for issuing the writ, but also the amount of the defendant's indebtedness to the plaintiff "as near as may be, over and above all legal setoffs." R. S. sec. 2731. The statement of the amount of such indebtedness is a most vital one. For the purposes of the execution of the writ it imports absolute verity, because it is not traversable in a proceeding by traverse to dissolve the attachment. R. S. sec. 2745. Such statement is the guide to the officer executing the writ as to the amount of property he ought to seize in order to secure the plaintiff. Hence it is required for the protection of the debtor, and of his other creditors as well.

Considering the importance of such statement, it necessarily and logically follows that if the cause of action be of such a character that it is impossible for the plaintiff or

his agent to know the amount of such indebtedness, no attachment founded upon it can be lawfully executed.

Taking the most favorable view for the respondent, *Hawes*, of the transactions between himself and Boyd, and we have this state of facts: *Hawes* delivered his goods to Boyd, in trust that Boyd would sell them and pay over to him the proceeds of the sales, less one half the net profits. In stating the indebtedness, *Hawes* included nothing for profits. He merely claimed the value of the goods delivered to Boyd, less payments. We may therefore exclude from consideration any question of the amount of profits. But in order to ascertain the amount of Boyd's indebtedness to *Hawes* at any given time, it was necessary to know what amount Boyd had realized for such of the goods as he had theretofore sold. It was not sufficient to know merely what goods he had sold, for the value thereof is not the measure of his indebtedness. It is the amount realized which, under the contract mentioned in the complaint, measures the liability of Boyd. Hence, before *Hawes*, or any one for him, could state the amount of Boyd's indebtedness, it was necessary to have an accounting of the goods sold and the prices realized therefor. Because the respondent's attachment was sued out and executed before any such accounting was had, and before he or his agent knew, or could know, the amount of Boyd's indebtedness (all which sufficiently appears in the complaint in that action), it must be held that the respondent obtained no lien upon the property attached, as against the appellants, who subsequently attached the same property.

2. Inasmuch as our conclusion on the other point is decisive of the appeal the objections to the sufficiency of the affidavit will be very briefly discussed. The indebtedness of Boyd is thus stated therein: " That the above-named defendant, J. J. Boyd, is indebted to the said plaintiff in a sum

exceeding fifty dollars, to wit, in the sum of six thousand eight hundred and forty-five dollars and eighteen cents, as near as may be, over and above all legal setoffs, and as this plaintiff is able to determine; and that the same is due upon express contract." It is maintained on behalf of appellants that the insertion therein of the words "and as this plaintiff is able to determine" renders the affidavit insufficient.

In the discussion of the other branch of the case the necessity of stating in the affidavit the amount of the indebtedness for which the writ issues is asserted. True, the statute provides that it is to be stated "as near as may be," and this court has sanctioned the use of that phrase in the affidavit. *Oliver v. Town*, 28 Wis. 328; *Mairet v. Marriner*, 34 Wis. 582. But it was held in *Oliver v. Town* that the phrase introduced no element of uncertainty in the affidavit in respect to the indebtedness or the amount of it. To the same effect is the reasoning of Chief Justice DIXON in *Lathrop v. Snyder*, 16 Wis. 293. We entertain no doubt that perjury may be well assigned on an affidavit to procure the execution of a writ of attachment in which it is alleged the defendant is indebted in a sum specified "as near as may be."

The affidavit under consideration states the indebtedness at a sum certain "as near as may be, . . . and as this plaintiff is able to determine." It is obvious that the meaning of the last sentence is "*as near* as this plaintiff is able to determine." The question is, Does the insertion of this phrase in the affidavit introduce an element of uncertainty in respect to the amount of Boyd's indebtedness to *Hawes?* We think it does. Neither *Hawes* nor his agent who made the affidavit knew the amount of such indebtedness. The statement in the affidavit of the amount thereof was, as we have seen, necessarily a mere estimate, and subsequent events showed it to be a very wild one, for it included the value of goods to the amount of $5,000, which Boyd had not sold,

and to recover the same goods *Hawes* subsequently brought replevin against the sheriff. We can see no distinction in principle between this affidavit and that in *Lathrop v. Snyder*, where the qualifying phrase was "as near as this deponent can now estimate the same." That affidavit was held insufficient. The case has not been overruled, or its accuracy questioned by this court, although the learned compilers of Shepard's Digest seem to think that *Mairet v. Murriner*, *supra* (and, of course, *Oliver v. Town*, also), establishes a different rule. Shep. Dig. 72, § 17. They are mistaken. Those cases allowed the insertion of a statutory phrase in the affidavit, at the same time holding that it does not render the averment of amount of indebtedness uncertain. *Lathrop v. Snyder* holds that an entirely different phrase, not in the statute, did render such averment uncertain. The rulings are entirely consistent with each other.

3. The ground for the attachment is stated in the affidavit to be that Boyd has absconded from this state. This is claimed to be an insufficient statement, because it is not also averred that he so absconded to the injury of his creditors. The question of the sufficiency of the affidavit in this particular elicited much subtle argument. Its solution depends upon the construction of subd. 1, sec. 2731, R. S.[1] We construe it to mean that it is good cause for executing an

---

[1] Sec. 2731, R. S., is as follows:

"Before any writ of attachment shall be executed, the plaintiff, or some one in his behalf, shall make and annex thereto an affidavit, stating that the defendant named in such writ is indebted to the plaintiff in a sum exceeding fifty dollars, and specifying the amount of such indebtedness as near as may be, over and above all legal setoffs, and that the same is due upon contract, express or implied, or upon judgment or decree, and containing a further statement that the deponent knows, or has good reason to believe, either:

"1. That the defendant has absconded, or is about to abscond, from this state, or is concealed therein, to the injury of his creditors, or keeps himself concealed therein, with intent to avoid the service of a summons." . . .— REP.

attachment if the debtor has absconded from the state, regardless of his intention in so doing or the ,effect upon his creditors.

It was stated in argument that other litigation is now pending between some of these parties in which it is claimed that *Hawes* and Boyd were partners, made such by the terms of the contract above mentioned. This is referred to only as a reason for saying that nothing herein contained is to be construed as an intimation of opinion on that subject, one way or the other.

It results from the views above expressed that the order of the circuit court, that the respondent's judgment and execution be first paid out of the moneys in the hands of the sheriff, must be reversed, and the cause remanded with directions that such moneys be first applied in satisfaction of the appellants' judgments and executions in due order of priority.

*By the Court.*— It is so ordered.