JAMES, Respondent, vs. DAVIDSON and others, Interveners,
Appellants.

*February 2 — February 23, 1892.*

*Actions by subcontractors against county: When may be maintained:
Estoppel: Priority.*

1. An action under sec. 3328, R. S., by a subcontractor against a county
   cannot be maintained until there is something actually due from
   the county to the principal contractor.
2. Under a contract for the building of a court house twenty per cent. of
   the contract price was to be reserved by the county until the com-
   pletion of the work. The principal contractor threw up the con-
   tract before completing it. He had received the eighty per cent.
   due him for all the work he had done. The plaintiff, a subcon-
   tractor, brought an action under sec. 3328, R. S., against the county
   and recovered judgment, the trial court finding that after deducting
   from the amount reserved by the county the cost of completing
   the building there would be a balance due the principal contractor.
   The county did not appeal, but an appeal was taken by other subcon-
   tractors who had brought subsequent actions and had intervened
   in plaintiff's action. *Held,* that as nothing was due from the
   county to the principal contractor when the appellants' actions were
   commenced, they could not attack the judgment on the ground
   that nothing was so due when the plaintiff's action was commenced.
3. Neither could the appellants object to a payment made out of the re-
   serve fund to the principal contractor before any of their actions
   were commenced, it not being claimed that such payment was
   fraudulently made.
4. Actions by subcontractors under sec. 3328, R. S., are the equivalents of
   garnishee actions, and the commencement of each such action gives
   the plaintiff therein priority over other subcontractors commenc-
   ing their actions later.

APPEAL from the Circuit Court for *Richland* County.

The defendant Russell, who is the principal debtor, contracted with Richland county, in April, 1889, to build for it a court house at a stipulated price. The contract provided for monthly estimates and payments as the work progressed, and that the county should retain twenty per cent. of such estimates as security for the ultimate performance of the contract by Russell. November 1, 1889, the county held as such reserve fund $4,317, but subject to deductions of about $900 on account of certain changes in the plans of the building. Between December 2, 1889, and January 14, 1890, the county made payments to Russell out of the reserve fund, amounting to between $1,600 and $1,700. Estimates were made January 1 and 11, 1890, which added about $550 to the reserve fund.

January 14, 1890, Russell threw up his contract, being unable to complete the building, and the county proceeded to complete it, paying the cost thereof out of the reserve fund, as provided in the contract. December 6, 1889, this plaintiff, who was a creditor of Russell to the amount of $760 for materials sold to him and used in such building, brought this action against Russell and the county, under sec. 3328, R. S., to recover his demand and enforce payment thereof out of moneys alleged to be due from the county to Russell, the principal contractor. After December 6, 1889, and before January 14, 1890, two other subcontractors of Russell brought similar actions against him and the county. One of these claims was for $816, and the other for $318, both for materials sold to Russell and used by him in such building. January 31, 1890, the appellants *Davidson & Sons* brought a similar action against the same parties to recover $950, which Russell owed that firm for materials sold to him and used in such building; and on March 11, 1890, the appellant *The Thorn Shingle & Ornamental Company,* also a subcontractor of Russell,

brought a similar action under the same statute, against the same defendants, to recover a demand of $750.

All the above named creditors of Russell have established their relation as subcontractors to him, and the validity of their respective claims against him. Other actions of the same kind were afterwards brought by other subcontractors of Russell. The claims of all these creditors aggregate over $5,000.

*Davidson & Sons* and the *Thorn Shingle & Ornamental Company* intervened in this action for the purpose of contesting the validity of plaintiff's claim against the county.

The controversy was determined in September, 1890. The court found that the court house was not then completed, and that, after deducting the expenditures of the county upon the building, made after Russell threw up his contract, and after making a fair allowance for the cost of completing it, there would remain of the reserve fund $1,784 belonging to Russell or his creditors. Thereupon the court gave judgment for plaintiff against the county for the amount of his claim. *Davidson & Sons* and the *Thorn Shingle & Ornamental Company* appeal from the judgment.

For the appellants there were briefs by *J. H. Miner* and *John D. Wilson*, attorneys, and *John J. Cole*, of counsel, and oral argument by *Mr. Miner* and *Mr. Wilson*.

For the respondent there was a brief by *Black & Burnham* and *W. E. Black*, and oral argument by *O. F. Black*.

LYON, C. J. This is a controversy between plaintiff and the appellants, each of whom is a creditor and subcontractor of the defendant Russell, for money alleged to be due Russell from the county of Richland. The money claimed is the unexpended balance of the reserve fund remaining after the county shall have paid out of such fund the cost of completing the building, incurred after Russell threw up his

contract to erect the same.   The appellants intervened in
the action for the purpose of contesting the right of plaint-
iff to any portion of such money.   This practice is author-
ized in *Hawes v. Clement,* 64 Wis. 152.

1. The first and chief objection urged to a recovery in
the action against the county is that when the same was
commenced nothing was due from the county to Russell.
It is claimed that the action cannot be maintained against
the county until there is something due the principal con-
tractor from the county.   We are inclined to think the
proper construction of sec. 3328, R. S., under which the ac-
tion was brought, is that no action can be maintained under
it against the county until there is something actually due
the principal contractor from the county.   Such seems to
be the plain reading of the statute.   We are further of the
opinion that nothing was due from the county to Russell
when this action was commenced, for the reason that Rus-
sell had then received the full eighty per cent. of the con-
tract price for all he had done under the contract, which
was all he was then entitled to.   He had no claim on the
reserve fund until the building was completed.   But the
circuit court has adjudged, in effect, that there was an in-
debtedness due Russell from the county when this action
was commenced.   The county has not appealed therefrom,
and seems satisfied therewith.   We hardly think that the
appellants are in a position to attack the judgment in this
respect, for the reason that, if the plaintiff is defeated be-
cause there was nothing due Russell from the county when
this action was commenced, the ruling would defeat the
appellants' actions, for those actions were also commenced
before the building was completed and, by the same rule,
before Russell was entitled to any portion of the reserve
fund.   Considering, therefore, that the appellants would
gain nothing by a reversal of this judgment, but rather
that they would thereby lose their actions against the

James vs. Davidson and others.

county, we conclude they cannot be heard to attack the judgment because nothing was actually due Russell from the county when the action was commenced.

2. It is also maintained by counsel for appellants that the finding fixing the balance of the reserve fund at $1,784 is erroneous, in that the amount thus fixed does not include moneys paid by the county to Russell out of the reserve fund between December 2, 1889, and January 14, 1890, claimed (erroneously, however) to be over $2,000. Such payment was made before either appellant commenced an action, and they cannot be heard to object thereto, it not being claimed that the payment was fraudulently made.

3. A question of the allowance of interest on plaintiff's claim was made in the argument. But, inasmuch as no interest thereon is included in the judgment, the question is of no importance.

4. These actions, under sec. 3328, R. S., are the equivalents of garnishee actions brought by the same creditors of Russell against the county. *Klaus v. Green Bay*, 34 Wis. 628. The commencement of each such action gave the plaintiff therein priority over subcontractors and creditors of Russell who commenced their actions later. This plaintiff, being the first to bring an action, is entitled to be first paid out of the moneys adjudged to have been due Russell from the county when the action was commenced.

*By the Court.*— The judgment of the circuit court is affirmed.