THE BANK OF IRON RIVER, Respondent, vs. THE BOARD OF SCHOOL DIRECTORS OF THE TOWN OF IRON RIVER and others, Appellants.

*November 27 — December 17, 1895.*

*Liens: Remedy of subcontractor against school district: Assignment: Amount of recovery: Negotiable instrument: Payment pro tanto: Special verdict.*

1. A subcontractor who had furnished lumber for a school-house assigned an order on the school board given him by the principal contractors, and also his claim for the lumber so furnished, with power to collect the same. *Held*, that such assignment carried with it the remedy against the school district under sec. 3328, R. S.
2. Such order on the school board, being payable out of a particular fund and conditioned on the happening of an event which might never happen, was not negotiable and did not operate *prima facie* as payment, nor did failure to present it or to give notice of dishonor *ipso facto* discharge the drawers. But there being evidence, in an action by the assignee against the school district and the principal contractors under sec. 3328, R. S., that the order had been received as payment and in discharge *pro tanto* of such contractors, the question whether it had been so received should, on request, have been submitted to the jury.
3. In such action under sec. 3328, R. S., the recovery against the school district should be limited to the amount due from it to the principal contractors at the time of the commencement of the action.

APPEAL from a judgment of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Reversed.*

*Towner & Hooper* made a contract with the defendant school board to build a school-house at Iron River. Kelley sold *Towner & Hooper* the lumber for the school-house, payable by order on the school board. After the lumber had been furnished, *Towner & Hooper* gave Kelley an order on the school board for $600 to apply on the lumber bill. Kelley took the order, and it was presented to the school board. They refused to pay it, and it has never been paid, but no notice of nonpayment was given to *Towner & Hooper*. Kelley assigned the order to the plaintiff, and afterwards assigned to the plaintiff all his right, title, and interest in the claim for lumber sold to *Towner & Hooper*, and authorized the bank to collect and receipt for the same.

The plaintiff brought this action February 27, 1893, against the school board and *Towner & Hooper*, under sec. 3328, R. S.[1] The school board denied any indebtedness to *Towner & Hooper* at the time the action was commenced, except the sum of $14.75. *Towner & Hooper* denied any indebtedness except the sum of $200, and alleged that the $600 order was received as payment *pro tanto*.

The jury returned a special verdict as follows: "(1) What was the value of the lumber and building material sold and delivered by N. C. Kelley to defendants *Towner & Hooper*, to be used in the construction of the school-house described in plaintiff's complaint? *Ans.* $892.28. (2) How much was due defendants *Towner & Hooper*, from defendant board of

[1] Sec. 3328, R. S., provides: "Any subcontractor who has done work or labor, or furnished materials to any principal contractor, for the construction, repair or removal of any building or machinery for any county, town, city, village, or school district, may maintain an action therefor in the county in which such work, labor, or materials were done or furnished, against such principal contractor, and such county, town, city, village, or school district, jointly, for the recovery thereof; but no judgment shall be rendered against any defendant therein, other than such principal contractor, for any amount greater than the amount due from it to such principal contractor at the time of the commencement of such action. . . ."

school directors, under the contract for building said school-house, including the order of six hundred dollars ($600.00) described in plaintiff's complaint, or became due on or about February 13, 1893? *A.* $681.25. (3) How much was due and unpaid, or has become due, under said contract to *Towner & Hooper* from the defendant board of school directors for work done before the commencement of this action, including said order of six hundred dollars ($600.00)? *A.* $943.75." Judgment for the plaintiff was entered on this verdict against *Towner & Hooper* for $892.88 damages, besides costs taxed at $100.64, and against the school district for $943.75; and defendants appealed.

For the appellants there was a brief signed by *Hollon Richardson* and *Mills & Dahl,* and oral argument by *E. G. Mills.* To the point that the assignment of the lumber claim and the assignment of the $600 order did not also carry the right of action against the school board under sec. 3328, R. S., they cited *Langan v. Sankey,* 55 Iowa, 52; *Brown v. Smith,* id. 31; *Tewksbury v. Bronson,* 48 Wis. 581; *Winslow v. Urquhart,* 44 id. 197; *Merchant v. Ottumwa W. P. Co.* 54 Iowa, 451; *Ogden v. Alexander,* 63 Hun, 56; *Rollin v. Cross,* 45 N. Y. 767; *Casey v. Ault,* 4 Wash. 167; *Caldwell v. Lawrence,* 10 Wis. 331; *Pearsons v. Tincker,* 36 Me. 384; *Day v. Vinson,* 78 Wis. 198.

For the respondent there was a brief by *W. H. Packard,* attorney, and *Reed & Reed,* counsel, and oral argument by *Myron Reed.*

WINSLOW, J. The first question is whether the assignment of the lumber claim and order carried also the remedy or right of action against the school board under sec. 3328, R. S. The argument against assignability is founded on *Caldwell v. Lawrence,* 10 Wis. 331, where it was held that the remedy of mechanic's lien was not assignable. While the remedy here sought to be enforced is not strictly a lien,

but rather in the nature of a garnishee proceeding (*Klaus v. Green Bay*, 34 Wis. 628), the fact is certainly entitled to some weight that the section giving the remedy is inserted in ch. 143 of the Revised Statutes, entitled "Of Liens," and that sec. 3316 of that chapter provides that "all claims for liens . . . under this chapter" shall be assignable. It is entirely certain from this that the legislature has changed the policy of the law as to the assignability of pure liens; and, while the section aforesaid does not strictly apply to the remedy given by sec. 3328, the fact is certainly of considerable force in considering the question of assignability of this claim against the school district. There seems no very good reason at present for holding that the assignment of the claim with the power and authority to collect it does not carry with it the remedy. The law is somewhat similar in its provisions to the law creating the liability of stockholders of railway corporations to laborers for work done for the corporation. Sec. 1769, R. S. Such claims were held assignable by this court in *Day v. Vinson*, 78 Wis. 198. The tendency of modern decisions is to facilitate, rather than to hamper, commercial and business dealings; and our conclusion is that the assignment of the claim with the power to collect it carried the remedy against the school district with it.

There were, then, two principal questions to be settled in the case: First. What amount was due Kelley from *Towner & Hooper* at the time of the assignment of the account for lumber furnished for the construction of the school-house? Second. What amount was due from the school district to *Towner & Hooper* on the building contract at the time of the commencement of the action?

The first question involves another, namely, whether the $600 order was received as payment *pro tanto* of Kelley's claim against *Towner & Hooper*. This order was not a negotiable bill of exchange, because it was not payable abso-

lutely, but out of a particular fund, and conditioned on the happening of an event which might never happen. *Brill v. Hoile*, 53 Wis. 537. It did not operate, therefore, *prima facie*, as payment, nor did failure to present it or give notice of dishonor *ipso facto* discharge the drawer, as would be the case were it negotiable paper. *Mehlberg v. Tisher*, 24 Wis. 607. There was, however, direct evidence that Kelley received the order as payment and in discharge *pro tanto* of *Towner & Hooper*. This it was competent for him to do, and the question whether he did so accept it should have been submitted to the jury. Such submission was requested by the defendants *Towner & Hooper*, but refused.

The question of the amount due from the school district to *Towner & Hooper* was not submitted to the jury nor decided. The question submitted was, how much was due or *has become due* for work done before the commencement of the action, and in connection with this question the court emphasized the error by saying to the jury, in substance, that what became due shortly after the 27th of February (the date of the commencement of the action) might be included in the verdict. The statute simply provides for a recovery not greater than the amount due at the time of the commencement of the action, and it cannot be extended.

There was no apparent relevancy in the second question of the verdict.

For the errors above named a new trial must be had.

*By the Court.*— Judgment reversed, and action remanded for a new trial.