Loomans Lumber Company, Appellant, and others, Respondents, vs. Mielke and others, Respondents.

*September 15—October 5, 1915.*

*Mechanics' liens: Subcontractors: Payment of fund into court: Priority: Distribution pro rata.*

Nothing having been due from a school district to the principal contractor for a school house when subcontractors brought their several actions under sec. 3328, Stats., but, after consolidation of the actions, the district having paid into court a sum then

admitted to be due and to which neither the district nor the principal contractor made any claim, a distribution of such sum *pro rata* among the plaintiffs was properly adjudged without priority according to the time of the commencement of the several actions.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

*C. E. Hooker,* for the appellant.

For the respondents *Mielke* and *Douglas* there was a brief by *C. G. Cannon;* for the respondents *Kaukauna Lumber & Manufacturing Company* and *Pindle-Jackson Company* a brief by *Julius P. Frank,* attorney, and *Ryan, Cary & Frank,* of counsel; for the respondent *J. F. Ege* a brief by *N. P. Christensen;* for the respondent *Warning Sheet Metal Company* a brief by *Williams & Williams;* and the cause was argued orally by *N. L. Baker.*

TIMLIN, J. The appellant and seven others, respondents herein, all subcontractors or materialmen, began suits under sec. 3328, Stats., against the school district and a principal contractor. These suits were commenced on and between the 10th day of January, 1913, and the 12th day of March, 1913. One of the respondents, *Warning Sheet Metal Company,* began a second suit on the same demand on the 2d day of September, 1914. These actions were then consolidated. The principal contractor had defaulted and the district had lawfully taken over the contract for the purpose of completing it at the expense of the principal contractor. Under such circumstances it was not known and could not be ascertained definitely what sum, if anything, would become due the principal contractor. In December, 1914, the principal contractor and the school district entered into a stipulation to the effect that there was then due the principal contractor $4,000, which the school district paid into court, "to be paid

to the proper person or persons legally entitled to have and receive the same as authorized and warranted by the facts, circumstances, and proofs in this action, as provided by the statutes of Wisconsin and law and as ordered and directed by the order and judgment of the court." The school district was discharged from further liability in the case, in analogy to a case of interpleader. The circuit court found on sufficient evidence, hence it must be assumed as a verity here, that at the time of the commencement of each of the several actions above noted there was nothing due from the school district to the principal defendant. A case, therefore, is presented in which each of the claimants in the consolidated action had begun his suit prematurely and was not entitled to recovery or priority, but a fund was paid into court on a date certain when all said actions were pending and for the benefit of whomsoever might be entitled thereto, the school district and the principal contractor making no claim to such fund. It follows that the ruling of the circuit court in distributing this fund of $4,000 *pro rata* among said claimants was correct. There is nothing in such ruling which conflicts with *James v. Davidson,* 81 Wis. 321, 51 N. W. 565, or *Bank of Iron River v. School Directors,* 91 Wis. 596, 65 N. W. 368. In the former case subcontractors like the respondents here were held not entitled to question the right or priority of one who had received his money, while here the appellant becomes an actor and has no standing which enables it to question the right of the respondents to a *pro rata* distribution.

*By the Court.*—Judgment affirmed.